Joshua W. Ruthizer (JR-5742)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
Email: jruthizer@proskauer.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LAURA LITINSKY,                              :

                          Plaintiff,         :

          against                            :

DIAMANTE THE DIAMOND                         :
MANUFACTURERS, INC., RAFAEL                  :
ZAKARIA, AND THE GEMOLOGICAL                 :
INSTITUTE OF AMERICA,                        :

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Docket No. 07 - CV - 11475 (RJS)

Judge: Sullivan

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Laura Litinsky, by her attorneys Proskauer Rose LLP, for her Verified

Complaint against Diamante The Diamond Manufacturers, Inc. ("Diamante"), Rafael Zakaria,

the President of Diamante ("Zakaria"), and the Gemological Institute of America ("GIA",

collectively with Diamante and Zakaria, "Defendants"), alleges on personal knowledge about

herself and on information and belief as to other allegations:

### NATURE OF THE ACTION

1.      This is an action seeking the recovery of chattel pursuant to Fed. R. of Civ. P. 64

and N.Y. C.P.L.R. §§ 7101, 7108 and 7109(b). Mrs. Litinsky is the owner of a 5.02 carat oval

cut brilliant F-VVS2 diamond, which is the subject of GIA Certificate 12011455 and GIA Certificate 16434784 (the "Diamond"). The Diamond has been missing since November 16, 2006 and is considered stolen property. The Diamond is currently in possession of GIA, who has no claim of ownership to the Diamond.

2.     This action seeks :  (1) a declaratory judgment pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201 and N.Y. C.P.L.R. § 7108 that Mrs. Litinsky is the owner the Diamond, or in the alternative that her possessory rights to the Diamond are superior to all other parties to this action; and (2) an order for the seizure, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7109(b), directing the New York County Sheriff or the United States Marshalls to seize the Diamond from Defendants and deliver the Diamond to Mrs. Litinsky or her counsel.

## THE PARTIES

3.     Mrs. Litinsky is a individual and a resident of the State of Florida.

4.     Defendant Zakaria is the President of Defendant Diamante, an individual and a resident of the State of California.

5.     Defendant Diamante is a corporation organized and existing under the laws of the State of California and has a principal place of business at 550 South Hill Street, #1260, Los Angeles, California.  Diamante is engaged in the business of buying and selling diamonds.

6.     Defendant GIA is a non-profit corporation organized and existing under the laws of the State of California and headquartered at 5345 Armada Drive, Carlsbad, California.  GIA's Laboratory Headquarters is located at 58 Fifth Avenue, Suite 200, New York, New York.  GIA is "the World's Most Trusted Name in Diamond Grading and Gemstone Identification." (http://www.gia.edu/about/33/what_is_gia.cfm, last visited December 19, 2007).

**JURISDICTION AND VENUE**

7.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1) because the property that is the subject of this action, the Diamond, exceeds the value of $75,000 and because the action is between citizens of different states.

8.      Venue is proper in the Southern District of New York pursuant of 28 U.S.C. § 1391(a)(2) because the property that is the subject of this action, the Diamond, is located within the district at Defendant GIA's Laboratory Headquarters at 58 Fifth Avenue, Suite 200, New York, New York.

9.      This Court has personal jurisdiction over Zakaria and Diamante pursuant to, among other basis, N.Y. C.P.L.R. § 302(a)(1) because Zakaria and Diamante have transacted business within New York State by sending the Diamond to GIA's New York Laboratory Headquarters.

10.     This Court has personal jurisdiction over GIA pursuant to, among another basis, N.Y. C.P.L.R. § 302(a)(1) because GIA transacts business within New York State.  GIA's Laboratory Headquarters is located at 58 Fifth Avenue, Suite 200, New York, New York.

**FACTUAL ALLEGATIONS**

11.     On September 24, 2003, Mrs. Litinsky purchased the Diamond from Bulgari, located at 30 rue du Rhone, 1204, Genève, Switzerland.  The Diamond was set in a ring purchased by Mrs. Litinsky from Bulgari for $180,000 (the "Ring").  A copy of the invoice for the purchase of the Diamond and the Ring is attached to this Complaint as Exhibit A.

12.     When Mrs. Litinsky purchased the Ring and the Diamond, Bulgari presented Mrs. Litinsky with GIA Certificate 12011455, dated May 22, 2002.  GIA Certificate 12011455 analyzes and grades the Diamond, and gives identifying characteristics of the Diamond.  A copy

of GIA Certificate 12011455 is attached to this Complaint as Exhibit B.

13.    On November 15, 2007, Bulgari sent Mrs. Litinsky a duplicate copy of the purchase invoice for the Diamond and the Ring and a duplicate copy of GIA Certificate 12011455. A copy of Bulgari's November 15, 2007 letter to Mrs. Litinsky is attached to this Complaint as Exhibit C.

14.    On November 18, 2006, Mrs. Litinsky wore the Ring to a private party at the Norton Museum of Art, located at 1451 South Olive Avenue, West Palm Beach, Florida. When Mrs. Litinsky arrived home that evening, she discovered that the Diamond was no longer in its setting in the Ring.

15.    On the morning of November 19, 2006, Mrs. Litinsky contacted the host of the private party, the director of the Norton Museum, the administrative staff of the Norton Museum, the lost and found department of the Norton Museum, the cleaning crew at the Norton Museum and the caterers of the private party to see if they had or could locate the Diamond. No one Mrs. Litinsky contacted was able to locate the Diamond.

16.    On December 4, 2006, Mrs. Litinsky reported the Diamond lost to the West Palm Beach, Florida Police Department. A copy of the West Palm Beach Police Report concerning the Diamond is attached to this Complaint as Exhibit D. Mrs. Litinsky informed the police that the Diamond was a 5.02 carat oval Bulgari diamond and was not insured, but that the Diamond could be "identified through paperwork and markings." (Ex. D.) Mrs. Litinsky also informed the West Palm Beach Police Department that she was contacting local pawn shops to see if they had come into possession of the Diamond.

17.    On December 20, 2006, Mrs. Litinsky, via telephone and facsimile letter, reported the Diamond lost to Joe Graff of GIA. A copy of Mrs. Litinsky's December 20, 2006 facsimile

letter is attached to this Complaints as Exhibit E.  Mrs. Litinsky included with her letter a copy of

the West Palm Beach Police Report (Ex. D) and a copy of GIA Certificate number 12011455

(Ex. B).  Mrs. Litinsky informed Mrs. Graff and GIA that a "5.02 Oval Brilliant VVS2/F Bulgari

diamond [the Diamond]…fell out of its setting the evening of November 18, 2006" and asked

Mr. Graff and GIA to "inform the police if at anytime in the future anyone requests a GIA

certificate on this stone."  (Ex. E.)

18.    Upon information and belief, Detective Rodriguez of the West Palm Beach Police

Department was assigned to investigate the circumstances of the Diamond's disappearance.

Upon information and belief, Detective Rodriguez's investigation has developed the following

facts:

a.    Upon information and belief, the Diamond was found by an unknown

individual and brought to Mr. Neffer, a jewelry broker in the West Palm Beach, Florida

area, for sale.

b.    Upon information and belief, Mr. Neffer approached Provident Jewelry,

located at 331 Clematis Street, West Palm Beach, Florida, to sell the Diamond on behalf

of the unknown individual.  Provident Jewelry is a jewelry store which buys and sells

diamonds, gemstones and jewelry.  Upon information and belief, Mr. Neffer did not

provide any documentation of ownership of the diamond and offered the Diamond for

sale at the price of approximately $55,000, approximately $95,000 less than the

Diamond's resale value.  Upon information and belief, Mr. Neffer informed Provident

Jewelry that any sale of the Diamond had to be completed by the end of the day.

c.    Upon information and belief, Provident Jewelry purchased the Diamond

from Mr. Neffer for approximately $55,000.  Upon information and belief, the location of

the Diamond at the time of sale and transfer to Provident Jewelry was West Palm Beach, Florida.

        d.     Upon information and belief, Provident Jewelry sold to the Diamond to Defendants Zakaria and Diamante at a Miami, Florida jewelry exposition for approximately $150,000. Upon information and belief, the location of the Diamond at the time of sale and transfer to Zakaria and Diamante was Miami, Florida.

        e.     Upon information and belief, Detective Rodriguez and the West Palm Beach Police Department continue to investigate the unknown individual and the circumstances surrounding his or her possession of the Diamond.

19.     Upon information and belief, under Florida Law, "[w]henever any person finds any lost or abandoned property, such person shall report the description and location of the property to a law enforcement officer. The law enforcement officer taking the report shall ascertain whether the person reporting the property wishes to make a claim to it if the rightful owner cannot be identified or located…It is unlawful for any person who finds any lost or abandoned property to appropriate the same to his or her own use…**Any person who unlawfully appropriates such lost or abandoned property to his or her own use…commits theft…**" Fla. Stat. § 705.102 (emphasis added).

20.     Upon information and belief, under Florida Law, the Diamond is stolen property.

21.     Upon information and belief, Detective Rodriguez and the West Palm Beach Police Department consider the Diamond to be stolen property.

22.     Upon information and belief, after purchasing the Diamond from Provident Jewelry, Zakaria and Diamante sent the Diamond to GIA for analysis and grading.

23.     Upon information and belief, GIA analyzed and graded the Diamond submitted

by Zakaria and Diamante and reported their analysis in GIA Certificate 16434784.

24.     Upon information and belief, GIA came to the conclusion that the diamond analyzed in GIA Certificate 16434784 and submitted by Zakaria and Diamante was actually the Diamond, subject of GIA Certificate 12011455, which Mrs. Litinsky reported as lost to GIA on December 20, 2006.

25.     On November 19, 2007, Ivy R. Cutler of GIA wrote to Mrs. Litinsky and informed her that another GIA client had submitted the Diamond to GIA.  GIA requested that Mrs. Litinsky and the other GIA client consent to disclose their contact information to the other. A copy of GIA's November 19, 2007 letter is attached to this Complaint as Exhibit F.

26.     On November 27, 2007, Ivy R. Cutler of GIA wrote to Mrs. Litinsky and informed her that Diamante was the other GIA client who submitted the Diamond for analysis and that Mrs. Litinsky and Diamante had competing claims of ownership in the Diamond.  A copy of GIA's November 27, 2007 letter is attached to this Complaint as Exhibit G.

27.     GIA's November 27, 2007 letter also notified Mrs. Litinsky that if she "does not (a) resolve with Diamante these competing claims or ownership or (b) obtain a directive from law enforcement or an order, from a court having jurisdiction over GIA, directing GIA to hold the [D]iamond or to deliver it to a third-party, then GIA will consider returning the [D]iamond to Diamante – as the party who delivered the diamond to GIA."  (Ex. G.)

28.     Upon information and belief, on December 14, 2007, Joshua Ruthizer, counsel to Mrs. Litinsky, wrote to:  GIA; Todd Marcus of DLA Piper US LLP, counsel to GIA; Diamante; Zakaria; and Reuben Yeroushalmi, purported counsel for Defendants Zakaria and Diamante, to request that they return the Diamond to Mrs. Litinsky's immediate and complete possession because the Diamond was stolen property and Mrs. Litinsky was the rightful owner of the

Diamond. A copy of the December 14, 2007 letter requesting return of the Diamond is attached to this Complaint as Exhibit H.

29.    Upon information and belief, neither Zakaria, Diamante, Mr. Yeroushalmi nor anyone identifying themselves as counsel to Zakaria or Diamante, responded to the December 14, 2007 letter requesting return of the Diamond.

30.    Upon information and belief, on December 18, 2007, Mr. Ruthizer spoke with Mr. Marcus. Mr. Marcus stated that GIA has no stake in the Diamond but that GIA could not return the Diamond to Mrs. Litinsky without an order of a court or law enforcement agency because of the competing claims of ownership in the Diamond.

31.    Upon information and belief, on December 20, 2007, Mr. Ruthizer sent a letter to Zakaria, Diamante and Mr. Yeroushalmi informing them that because they had not responded to his December 14, 2007 letter, Mrs. Litinsky would, on December 21, 2007, or as soon after as possible, file a complaint in the Southern District of New York to protect her legal rights to the Diamond. A copy of the December 20, 2007 letter is attached to this Complaint as Exhibit I.

32.    Mrs. Litinsky now brings this action seeking: (1) a declaratory judgment, pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201 and N.Y. C.P.L.R. § 7108, that she is the owner of the Diamond, or in the alternative her possessory rights to the Diamond are superior to all other parties to the action, and entitled to complete and immediate possession of the Diamond; and (2) an order of seizure, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7019(b), directing the New York County Sheriff or the United States Marshalls to sieze the Diamond from Defendants and deliver the Diamond to Mrs. Litinsky or her counsel.

## FIRST CAUSE OF ACTION
### (Against Diamante and Zakaria)

**For Declaratory Judgment Pursuant to Fed. R. Civ. P. 57, 28 U.S.C. § 2201 and N.Y. C.P.L.R. § 7108 Adjudging Mrs. Litinsky the Owner of the Diamond**

33.    Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.    At all times mentioned herein, Plaintiff was and still is the owner entitled to the complete and immediate possession of the Diamond.

35.    Mr. Neffer sold the Diamond as stolen property to Provident Jewelry.

36.    Therefore, Mr. Neffer did not have title to the Diamond and title to the Diamond did not pass to Provident Jewelry as part of the sale.

37.    Provident Jewelry did not possess title to the Diamond when it sold the Diamond to Zakaria and Diamante.  Therefore, Provident Jewelry did not pass title to the Diamond to Zakaria and Diamante.

38.    Zakaria and Diamante do not possess title to the Diamond.

39.    Accordingly, Mrs. Litinsky is entitled to a Declaratory Judgment against Zakaria and Diamante adjudging that Litinksy is the owner of the Diamond, or in the alternative that her possessory rights in the Diamond are superior to all other parties to this action, and is entitled to complete and immediate possession of the Diamond.

## SECOND CAUSE OF ACTION
### (Against All Defendants)

**For An Order of Seizure Pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7019(b)**

40.    Paragraphs 1 through 39 are incorporated by reference as if fully set forth herein.

41.    At all times mentioned herein, Plaintiff was and still is the owner entitled to the complete and immediate possession of the Diamond.

42.    The value of the Diamond is approximately $150,000.

43.     The Diamond is unique.

44.     The Diamond is currently in the possession of GIA and is located in or around 580 Fifth Avenue, Suite 200, New York, New York.

45.     On December 14, 2007, Mrs. Litinsky requested Defendants return the Diamond to her complete and immediate possession.

46.     Defendants Zakaria and Diamante have failed to respond to Mrs. Litinsky's request that they return the Diamond to her complete and immediate possession.

47.     GIA will not return the Diamond to Mrs. Litinsky's complete and immediate possession absent a court order due to the competing claims of ownership in the Diamond.

48.     Accordingly, Mrs. Litinsky is entitled to the issuance of an order of seizure, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7109(b), directing the New York County Sheriff to seize the Diamond from Defendants and deliver the Diamond to Mrs. Litinsky or her counsel.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF respectfully requests judgment as follows:

(a) a Declaratory Judgment that Mrs. Litinsky is the owner of the Diamond, or in the alternative her possessory rights to the Diamond are superior to all other parties to this action, and is entitled to complete and immediate possession of the Diamond;

(b) the issuance of an Order of Seizure pursuant to  Fed. R. Civ. P. 64 and N.Y. C.P.L.R. § 7109(b) directing the New York County Sheriff or the United States Marshall to seize the Diamond from Defendants and to deliver to the Diamond to Mrs. Litinsky or her counsel;

(c) attorneys fees and costs in prosecuting this action; and

(d) for such other and further relief as this Court may deem just, proper and necessary under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff Laura Litinsky demands trial by jury of all claims and issues.

Dated:      New York, New York
December 21, 2007

Joshua W. Ruthizer (JR-5742)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Phone: (212) 969-3000
Fax: (212) 969-2900
Email: jruthizer@proskauer.com
*Attorneys for Plaintiff*

-11-

# VERIFICATION

State of Florida                     )
                                     ) ss:
County of _PALM BEACH_     )

       I, Laura Litinsky, being duly sworn, deposes and says:

I am the Plaintiff in the within proceeding. I have read the foregoing complaint subscribed by me and know the contents thereof, and the same is true of my own knowledge, except as to matters therein state to be alleged on information and belief, as to those matters I believe it to be true.

_____
Laura Litinsky

Sworn to me this _20th_ day of December, 2007



Notary Public

JANET O'GORMAN
MY COMMISSION # DD 365996
EXPIRES: November 24, 2008
Bonded Thru Notary Public Underwriters

# BVLGARI

Mrs, Laura LITINSKY
17052 Brookwood Dr.

BOCA RATON, FL 33496
USA

*No. VAT 144477*

Geneva, September 24th, 2003

## INVOICE

### Your purchase of 24th September 2003

RD373    One ring in platinum set with one diamond oval cut (5,02 cts) F-VVS2 and
two tapered baguette diamonds (0,95 cts) F-VVS2

Price (VAT incl.) :   USD 180'000.-



Invoice paid.
With our thanks.

BULGARI SA
30, rue du Rhône · CH-1204 Genève · Tél.: +41 22 317 70 70 · Fax: +41 22 317 70 75
Via Serlas 24 · CH-7500 St. Moritz · Tel.: +41 81 833 72 30 · Fax: +41 81 833 72 05
Bahnhofstrasse 25 · CH-8001 Zürich · Tel.: +41 1 213 53 03 · Fax: +41 1 212 53 04
Administration: 30, rue du Rhône · CH-1204 Genève · Tél.: +41 22 319 06 60 · Fax: +41 22 317 70 75

 **GEM TRADE LABORATORY**

Carlsbad
5355 Armada Drive | Carlsbad, CA 92008-4699
T: 760-603-4500 | F: 760-603-1814

## DIAMOND GRADING REPORT

GIA REPORT 12011455

May 22, 2002

Shape and Cutting Style ............................ OVAL BRILLIANT
Measurements ........................12.93 x 8.58 x 5.96 mm
Weight .................................................5.02 carat

**Proportions**
Depth ...................................................52.4 %
Table ....................................................
Girdle ..................SLIGHTLY THICK TO VERY THICK,
                                          FACETED
Culet ......................................................NONE

**Finish**
Polish .................................................VERY GOOD
Symmetry ...........................................GOOD
Clarity Grade ..........................................VVS2
Color Grade ..............................................F
Fluorescence ..........................................NONE

Comments:
NONE

| GIA CLARITY SCALE | | GIA COLOR SCALE |
|---|---|---|
| FLAWLESS | | D |
| INTERNALLY FLAWLESS | COLORLESS | E |
| VVS₁ | | F |
| VVS₂ | NEAR COLORLESS | G |
| VS₁ | | H |
| VS₂ | | I |
| | | J |
| | | K |
| SI₁ | FAINT | L |
| SI₂ | | M |
| | | N |
| I₁ | VERY LIGHT | O |
| | | P |
| | | Q |
| I₂ | | R |
| | | S |
| | LIGHT | T |
| | | U |
| I₃ | | V |
| | | W |
| | | X |
| | | Y |
| | | Z |

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification, and/or has been tested using the techniques and equipment developed by the Gem Trade Laboratory. ...

... for color comparison diamonds, standardized viewing environment and light source, electronic carat balance, synthetic diamond screening device, high intensity short wave fluorescence imaging system, long wave ultraviolet transmission detection system, optical measuring device, micro laser inscribing device, ProportionScope®, ultraviolet lamps, millimeter gauge and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond, and symbols shown indicate type, position and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.



**IMPORTANT DOCUMENT, STORE SAFELY**

ADDITIONAL IMPORTANT LIMITATIONS ON BACK
COPYRIGHT © 2002 GEMOLOGICAL INSTITUTE OF AMERICA

**KEY TO SYMBOLS**
⌐ Feather

# BVLGARI

November 15, 2007

Dear Mrs. Letinsky,

    Attached you will find a copy of the sales receipt for your purchase of our ring reference, RD373, that took place in the Bulgari Geneva shop in 2003. A copy of the GIA certificate is also enclosed for this diamond ring and it is described as such: oval cut 5.02cts. F VVS2 and its certificate is GIA certificate# 12011455.

Sincerely,

Carmen Damiani

Carmen Damiani
Bulgari Retail USA

BULGARI RETAIL USA Srl

730 Fifth Avenue, New York, NY 10019  •  Tel. (212) 315-9700  •  Fax. (212) 957-6478
Corporate Offices (212) 315-9700  •  Fax: (212) 767-0167

NEW YORK • BEVERLY HILLS • ASPEN • SAN FRANCISCO • BAL HARBOUR • LAS VEGAS • SOUTH COAST PLAZA  • CHICAGO • HONOLULU • PALM BEACH • HOUSTON

Nov 15 06 03:27p    West Palm Beach P D          561 653-2829          p.2

User: DKAPPER

**WEST PALM BEACH**

**Event Report**                                    12/04/06 08:54:22

Event ID: 06-00160815        Call Ref #: 643

Date/Time Received: 12/04/06 08:19:48

| Rpt#: | Call Source: PHONE | Prime DPR1 Unit: KAPPER, DENISE | Services Involved |
|---|---|---|---|

LAW

Location: 1451 S OLIVE AVE

X-ST:  *DIANA PL*

   *ACTAEON PL*

Business: NORTON MUSEUM OF ART         Phone: (561) 832-5196

Jur: CAD    Service: LAW    Agency: WPB
St/Beat: 4    District: D2    RA: S2

Nature: **LOST OR FOUND PROPERTY**    Alarm Lvl:    1    Priority: 4

Reclassified Nature:                                Medical Priority:

Caller: LAURA                                       Alarm:

Addr: 1451 S OLIVE AVE          Phone: ▓▓▓▓▓

Vehicle #:              St:                          Alarm Type:

Call Taker: MMACKEY    Report Only: No    Race:    Sex:    Age:

Console: EYE

Geo-Verified Addr.: Yes    Nature Summary Code:        Disposition: CAD    Close Comments:

Notes: ON THIS DATE, I SPOKE WITH LAURA LITINSKY, BY PHONE. LITINSKY REPORTE DTHE LOSS OF A 5.02 OVAL DIAMOND, THAT FELL OUT OF HER RING, ON 11-18-06, BETWEEN 2100 - 2300. THE INCIDENT OCCURRED AT 1451 S OLIVE AVE - NORTON MUSEUM OF ART, DURING A DINNER PARTY. THE DISCOVERY WAS MADE WHEN LITINSKY ARRIVED HOME. THE DIAMOND WAS DESCRIBED AS A "bulgari", and was valued at $125,000.00. THE RING WAS NOT INSURED. LITINSKY WILL CALL AROUND TO LOCAL PAWN SHOPS TO ASCERTAIN IF IT WAS TURNED IN, BECAUSE THE DIAMOND CAN BE IDENTIFIED THROUGH PAPERWORK AND MARKINGS. THE CAD # WAS ISSUBD.

LAURIA LITINSKY  WF  10051949
17052 BROOKWOOD DR
BOCA RATON, FL 33496

▓▓▓▓▓ [12/04/06 08:53:48 DKAPPER]
ADV SGT COPPIN OF CALL HOLDING VIA RADIO. [12/04/06 08:34:29 KGASKIN]
ALT # ▓▓▓▓▓ REF TO LOSING A DIAMOND FROM HER RING... [12/04/06 08:21:30 MMACKEY]

Call Received: 12/04/06 08:19:48
Call Routed: 12/04/06 08:21:45
Call Take Finished: 12/04/06 08:21:45
1st Dispatch: 12/04/06 08:41:32
1st En-Route:
1st Arrive:
Last Clear: 12/04/06 08:54:13

Time From Call Received
000:01:57
000:01:57
000:21:44    *(Time Held)*
: :
: :    *(Reaction Time)*
000:34:25

Unit Reaction:  : :    *(1st Dispatch to 1st Arrive)*
En-Route:  : :    *(1st Dispatch to 1st En-Route)*
On-Scene:  : :    *(1st Arrive to Last Clear)*

| Unit | Empl ID | Type | Description | Radio Log Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| DPR1 | 01168 | D | Dispatched | 12/04/06 08:41:32 | Stat/Beat: CITY | | DKAPPE |
| DPR1 | 01168 | C | Cleared | 12/04/06 08:54:13 | | CAD | DKAPPE |

*Incl*

Page 1

December 20, 2006


Mr. Joe Graff
GIA
5355 Armada Drive
Carlsbad, CA 92008-4699


Dear Sir:

I spoke with you this morning to report a lost stone. As you requested I am faxing a copy of the police report from West Palm Beach, Florida and a copy of the GIA certificate along with this letter.

The 5.02 Oval Brilliant, VVS2/F, Bulgari diamond fell out of its setting the evening of November 18th, 2006.

Please inform the police if at anytime in the future anyone requests a GIA certificate on this stone. You can reach me at my home, 17052 Brookwood Drive, Boca Raton, FL 33496; Tel ███████████, Fax ███████████

Should this occur many years from now, you can always reach us through my husband's office. Delray Eye Associates, 16201 S. Military Trail, Delray Beach, FL 33484, Tel 561 498 8100.

I appreciate your assistance. I would be overjoyed if my beloved diamond turns up someday.

Thank you.

Sincerely,



Laura Litinsky



**GIA**
GEMOLOGICAL INSTITUTE OF AMERICA®
Laboratory

New York Headquarters
580 Fifth Avenue Suite 200  |  New York, NY 10036-4754
T: 212-221-5858  |  F: 212-575-3095
Carlsbad
5355 Armada Drive  |  Carlsbad, CA 92008-4699
T: 760-603-4500  |  F: 760-603-1814
www.gia.edu

November 19, 2007

VIA First Class Mail & Fax

Mrs. Laura Litinsky
17052 Brookwood Drive
Boca Raton, Florida 33496
561-483-4106 Fax

Re: 5.02 Carat Oval Brilliant Diamond  GIA Report 12011455

Dear Mrs. Litinsky,

GIA has received notice from ( Laura Litinsky) a claim of ownership with respect to the above referenced diamond (the "Diamond"), which was submitted to GIA by another GIA client (the "Submitting Client"), which also claims to be the rightful owner of the Diamond.

In an effort to facilitate resolution of these competing claims of ownership, we hereby request (Laura Litinsky) consent to disclose to the Submitting Client, Laura Litinsky's identity and contact information.  We are requesting similar permission from the Submitting Client.

Please confirm your consent to the foregoing by countersigning and returning to us a copy of this letter.  Thank you.

Sincerely,
GIA Laboratory

Ivy R. Cutler GG
Records Department
212-221-5858 ext. 3539
212-997-7661 Fax

CONSENTED TO THIS____DAY OF (November, 2007)

BY: _____
        **Mrs. Laura Litinsky**

The World's Foremost Authority In Gemology™  |  Ensuring the Public Trust through Nonprofit Service since 1931



**GIA**
GEMOLOGICAL INSTITUTE OF AMERICA®
Laboratory

New York Headquarters
580 Fifth Avenue Suite 200 | New York, NY 10036-4794
T: 212-221-5858 | F: 212-575-3095

Carlsbad
5355 Armada Drive | Carlsbad, CA 92006-4699
T: 760-603-4500 | F: 760-603-1814
www.gia.edu

November 27, 2007

VIA First Class Mail

Mrs. Laura Litinsky
17052 Brookwood Drive
Boca Raton, Florida 33496

Mr. Rafael Zakaria, President
Diamante
550 South Hill Street # 1260
Los Angeles, California 90013

Re: 5.02 Carat Oval Brilliant Diamond
    GIA Report 12011455 & GIA Report 16434784

Dear Ms. Litinsky & Mr. Zakaria,

GIA has received from each of you (Mr. Zakaria on behalf of Diamante), competing claims of ownership with respect to the above referenced diamond (the" Diamond"), which was submitted to GIA by Diamante but for which Ms. Litinsky also claims to be rightful owner. Further to your respective consents to exchange contact information, set forth above is the respective contact information for each of you.

Please be advised that if within thirty (30) days from the date of this letter, Ms. Litinsky, does not (a) resolve with Diamante these competing claims of ownership, or (b) obtain a directive from law enforcement or an order, from a court having jurisdiction over GIA, directing GIA to hold the diamond or to deliver it to a third-party, then GIA will consider returning the diamond to Diamante -- as the party who delivered the diamond to GIA.

Please be guided accordingly.

If either of you wishes to discuss this matter please contact us.

Sincerely,
GIA Laboratory

Ivy R. Cutler GG
Records Department
212-221-5858 ext. 3539
212-997-7661 Fax

Cc Todd B. Marcus, Esq.
Gary Kovacs, Esq.
Ruben Yoshelme, Esq.

The World's Foremost Authority in Gemology™ | Ensuring the Public Trust through Nonprofit Service since 1931

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Joshua W. Ruthizer**
Attorney at Law

Direct Dial 212.969.3869
jruthizer@proskauer.com

December 14, 2007

**By Facsimile and UPS Next Day Air**

Rafael Zakaria
President
Diamante The Diamond Manufacturers, Inc.
550 South Hill Street # 1260
Los Angeles, California 90013
Fax: Not Availible

Reuben Yeroushalmi, Esq.
Counsel to Rafael Zaria and
Diamante the Diamond Manufacturers, Inc.
Wilshire Park Place
3700 Wilshire Boulevard, Suite 480
Los Angeles, California 90010
Fax: (213) 382-3430

Ivy R. Cutler GG
Records Department
Gemological Institute of America
580 Fifth Avenue, Suite 200
New York, New York 10036
Fax: (212) 997-7661

Todd Marcus, Esq.
Counsel to Gemological Institute of
America
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020
Fax: (212) 884-8489

Re:  5.02 Carat Oval Brilliant Diamond GIA Report 12011455 & GIA Report 16434784

Dear Mr. Zakaria, Mr. Yeroushalmi, Ms. Cutler and Mr. Marcus:

I write as counsel to Laura Litinksy, the owner of a 5.02 Carat Oval Brilliant Diamond, as described in Gemological Institute of America ("GIA") Report 12011455 (the "Diamond"). The Diamond is currently being held by GIA in its New York Offices and was submitted to GIA by Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria, its President, for analysis. The purpose of this letter is to inform you of the facts surrounding Mrs. Litinsky's ownership of the Diamond and to request that you return the Diamond to her or her counsel as soon as possible.

On September 24, 2003, Mrs. Litinsky purchased a Bulgari diamond ring containing one 5.02 oval cut diamond F-VVS2 (the Diamond) and two tapered baguette diamonds for $180,000 (the "Ring"). Mrs. Litinsky purchased the Ring at Bulgari, 30 rue de Rhone, 1204 Genève,

PROSKAUER ROSE LLP

December 14, 2007
Page 2

Switzerland.  A copy of the receipt for Mrs. Litinsky's purchase of the Ring is attached to this letter at Exhibit 1. With the Ring, Mrs. Litinsky received GIA certificate 12011455 which graded and identified the Diamond.  A copy of GIA certificate 12011455 is attached to this letter as Exhibit 2.[1]

On November 18, 2006, Mrs. Litinsky wore the Ring to a charity event at the Norton Museum of Art in West Palm Beach, Florida.  When she arrived home after the event, she discovered the Diamond was no longer in its setting in the Ring.  The following morning, Mrs. Litinsky contacted the host of the event, the director of the museum, the administrative staff of the museum, the lost of found department of the museum and the caterers of the event to locate the Diamond.  All of those listed conducted a thorough search for the Diamond but were unable to locate it.  Mrs. Litinsky also attempted to locate the Diamond in the following weeks but was unsuccessful.

On December 4, 2006, Mrs. Litinsky reported the Diamond as lost to the West Palm Beach, Florida Police Department.  A copy of the police report is attached to this letter as Exhibit 3.[2] Mrs. Litinksy identified the Diamond to the police as a "5.02 oval diamond…bulgari and …valued at $125,000.00."  She also informed the police that she was calling local pawn shops to see if any had come into possession of the Diamond because the Diamond could "be identified through paperwork and markings."  (Ex. 3.)

On December 20, 2006, Mrs. Litinsky reported the Diamond as lost to Joe Graff of GIA via telephone and facsimile letter.  A copy of Mrs. Litinsky's facsimile letter to Mr. Graff is attached to this letter as Exhibit 4.  She included with the facsimile letter a copy of GIA certificate 12011455 for the Diamond (Ex. 2) and a copy of the West Palm Beach Police Department Report (Ex. 3).  Mrs. Litinsky informed Mr. Graff that "[t]he 5.02 Oval Brilliant, VVS2/F, Bulgari diamond fell out of its setting the evening of November 18, 2006" and asked that he "[p]lease inform the police if at anytime in the future anyone requests a GIA certificate on this stone."  (Ex. 4.)

Gary Kovacs, an associate in the Boca Raton office of Proskauer Rose, has been in touch with Detective Rodriguez of the West Palm Beach Police Department.  Mr. Kovacs has learned that an unknown individual brought the stone to Mr. Neffer, a diamond broker in the West Palm Beach, Florida area.  Mr. Neffer then offered the Diamond for sale on behalf of the unknown individual to Provident Jewelry, 331 Clematis Street, Palm Beach, Florida.  Mr. Neffer offered the Diamond for sale with no ownership or origin paperwork for the Diamond.  Mr. Neffer also offered the Diamond, which has been valued at over $125,000, for sale to Provident Jewelry for

---

[1] On November 15, 2007, Bulgari provided Mrs. Litinsky with a duplicate copy of the sales receipt for the Ring and a duplicate copy of GIA certificate 12011455 for the Diamond.  Bulgari also identified GIA certificate 12011455 as pertaining to the Diamond.  A copy of Bulgari's November 15, 2007 letter is attached to this letter as Exhibit 7.

[2] Mrs. Litinsky's  personal telephone numbers have been redacted from Exhibits 3 and 4.

PROSKAUER ROSE LLP

December 14, 2007
Page 3

approximately $55,000.  Provident Jewelry purchased the Diamond for approximately $55,000 and then resold the Diamond to Diamante.

Under Florida Law, "[w]henever any person finds any lost or abandoned property, such person shall report the description and location of the property to a law enforcement officer.  The law enforcement officer taking the report shall ascertain whether the person reporting the property wishes to make a claim to it if the rightful owner cannot be identified or located…It is unlawful for any person who finds any lost or abandoned property to appropriate the same to his or her own use…**Any person who unlawfully appropriates such lost or abandoned property to his or her own use…commits theft**…"  Fla. Stat. § 705.102 (emphasis added).  A copy of this statute is attached to this letter as Exhibit 5.

Mr. Kovacs has learned from Detective Rodriguez that the West Palm Beach Police Department considers the Diamond stolen and continues to investigate the circumstances of the sale of the Diamond by Mr. Neffer to Provident Jewelry.

Thus, the Diamond was stolen at the time it was sold to Provident Jewelry by Mr. Neffer.  The unknown individual who approached Mr. Neffer with the Diamond was under an affirmative obligation to turn the Diamond over to law enforcement.  The unknown individual's failure to do so constitutes theft.  Mr. Neffer sold a stolen diamond to Provident Jewelry and therefore was unable to transfer title to the Diamond to Provident Jewelry.  According, Provident Jewelry possessed no title to the Diamond and was unable to transfer title to the Diamond to Diamante.  This is the law in New York[3], California[4] and Florida[5].

On the basis of the above facts and law, Mrs. Litinsky holds full and complete title to the Diamond.  Mrs. Litinksy respectfully requests that Diamante agree in writing to return the Diamond to Mrs. Litinsky's full and complete possession, and that Diamante instruct GIA to transfer the Diamond to Mrs. Litinsky, as soon as possible.

---

[3] *United States v. Crawford Technical Services*, No. 03 Civ. 3940 (HB), 2004 U.S. Dist Lexis 5824, at **15-16 (S.D.N.Y. April 6, 2004) ("It is firmly established under New York law that a purchaser of stolen property does not have clear title, even if the purchase was made in good faith…A good faith purchaser simply cannot obtain title to stolen property because a thief has no title to give.")

[4] "An involuntary transfer results in void title." *Express Media Group, LLC v. Express Corp.*, No. C 06-03504 WHA, 2007 U.S. Dist. LEXIS 34800, at *13 (N.D. Cal. May 10, 2007); *see also* Cal. Com. Code § 2403(1); *Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.*, 218 Cal. App. 3d 1354, 1360-61, 268 Cal. Rptr. 16 (Cal. Ct. App. 1990).

[5] "Under basic principles of property law, a person who acquires possession of property by theft cannot convey good title to another person, even to a bona fide purchaser. Because the purchaser of stolen property does not have good title, the property can be recovered from the purchaser and returned to the true owner.  *Battles v. State*, 602 So. 2d 1287, 1288 (Fla. 1992) (internal citation omitted).

PROSKAUER ROSE LLP

December 14, 2007
Page 4

Mrs. Litinsky believes that Diamante has a valid cause of action against Provident Jewelry to rescind the purchase of the Diamond. In the event that Diamante files suit against Provident Jewelry, Mrs. Litinsky is willing to assist Diamante, including providing Diamante with documents and testimony regarding her ownership of the Diamond and her interactions with the police and GIA after the Diamond was lost.

On November 27, 2007, GIA informed Mrs. Litinsky that it will return the Diamond to Diamante on December 27, 2007 unless ownership of the Diamond is resolved or a court order is issued preventing GIA from returning the Diamond. A copy of GIA's November 27, 2007 letter is attached to this letter as Exhibit 6. Mrs. Litinsky cannot allow December 27, 2007 to pass without protecting her legal rights in the Diamond. By this letter, Mrs. Litinsky respectfully requests that if GIA will not return the Diamond to Mrs. Litinsky's possession, then GIA agree in writing to either hold the Diamond in its possession at its New York offices until ownership of the Diamond can be decided by court of competent jurisdiction, or to commence an interpleader action in the United States District Court for the Southern District of New York to determine the ownership of the Diamond.

Accordingly, if a written agreement is not execute by all parties on or before December 20, 2007 stating that: (1) Diamante relinquishes possession of the Diamond and agrees that Mrs. Litinsky is the owner of the Diamond; (2) GIA is to return the Diamond to Mrs. Litinksy or her counsel within 30 days of the agreement; (3) GIA will hold the Diamond in its possession until ownership of the Diamond can be determined by a court of competent jurisdiction; and/or (4) GIA will commence an interpleader action in the United States District Court for the Southern District of New York to determine the ownership of the Diamond, then Mrs. Litinsky will have no choice but to seek a temporary restraining order and preliminary injunction to enjoin GIA from returning the Diamond to Diamante and to file suit to retrieve possession of the Diamond.

Please contact me as soon as possible to discuss this matter.

Sincerely,

Joshua W. Ruthizer

Attachments

cc:    Albert W. Gortz
       Gary W. Kovacs

1

# BVLGARI

Mrs, Laura LITINSKY
17052 Brookwood Dr.

BOCA RATON, FL 33496
USA

*No. VAT 144477*

Geneva, September 24th, 2003

### INVOICE

### Your purchase of 24th September 2003

RD373        One ring in platinum set with one diamond oval cut (5,02 cts) F-VVS2 and
two tapered baguette diamonds (0,95 cts) F-VVS2

**Price (VAT incl.) :  USD 180'(00.-**

 Invoice paid.
With our thanks.

BULGARI SA
30, rue du Rhône · CH-1204 Genève - Tél.: +41 22 317 70 70 - Fax: +41 22 317 70 75
Via Serlas 24 · CH-7500 St. Moritz · Tel.: +41 81 833 72 30 - Fax: +41 81 833 72 05
Bahnhofstrasse 25 · CH-8001 Zürich · Tel.: +41 1 212 53 03 - Fax: +41 1 212 53 04
Administration: 30, rue du Rhône · CH-1204 Genève - Tél.: +41 22 319 04 60 - Fax: +41 22 317 70 75

**2**

# GEM TRADE LABORATORY

Carlsbad
5355 Armada Drive | Carlsbad, CA 92008-4699
T: 760-603-4500 | F: 760-603-1814

**GIA REPORT 12011455**

## DIAMOND GRADING REPORT

160183001

May 22, 2002

Shape and Cutting Style ......................... OVAL BRILLIANT
Measurements ............................ 12.93 x 9.58 x 5.96 mm
Weight .............................................. 5.02 carat

**Proportions**

Depth ......................................................... 62.4 %
Table ..........................................................
Girdle ............ SLIGHTLY THICK TO VERY THICK,
                                                      FACETED
Culet ......................................................... NONE

**Finish**

Polish ................................................... VERY GOOD
Symmetry ..................................................... GOOD

Clarity Grade .................................................. VVS2
Color Grade ..................................................... F
Fluorescence ................................................ NONE

Comments:
NONE

This Report is not a guarantee, valuation or appraisal. This Report contains only the characteristics of the diamond described herein after it has been graded, tested, examined and analyzed by GIA Gem Trade Laboratory under 10X magnification, and/or has been tested using the techniques and equipment, established by the Gem Trade Laboratory ... colorless ... ter color comparison diamonds, standardized viewing environment and light source, electronic scale balance, synthetic diamond screening device, high intensity short wave fluorescence imaging system, short wave ultraviolet transmission detection system, ... measuring device, micro laser inscribing device, ProportionScope®, ultraviolet lamps, millimeter gauge and ancillary instruments as necessary. Red symbols denote internal characteristics (inclusions). Green or black symbols denote external characteristics (blemishes). Diagram is an approximate representation of the diamond, and symbols shown indicate type, position and approximate size of clarity characteristics. All clarity characteristics may not be shown. Details of finish are not shown. The recipient of this Report may wish to consult a credentialed Jeweler or Gemologist about the importance and interrelationship of cut, color, clarity and carat weight.

| GIA CLARITY SCALE | | GIA COLOR SCALE | |
|---|---|---|---|
| FLAWLESS | | D | |
| INTERNALLY FLAWLESS | | E | COLORLESS |
| VVS1 | VERY VERY SLIGHTLY INCLUDED | F | |
| VVS2 | | G | |
| VS1 | VERY SLIGHTLY INCLUDED | H | NEAR COLORLESS |
| VS2 | | I | |
| | | J | |
| SI1 | SLIGHTLY INCLUDED | K | FAINT |
| SI2 | | L | |
| | | M | |
| I1 | | N | VERY LIGHT |
| | | O | |
| | | P | |
| | | Q | |
| I2 | INCLUDED | R | |
| | | S | |
| | | T | LIGHT |
| | | U | |
| | | V | |
| I3 | | W | |
| | | X | |
| | | Y | |
| | | Z | |



**KEY TO SYMBOLS**
⌒ Feather

IMPORTANT DOCUMENT, STORE SAFELY

**3**

Nov 15 06 03:27p      West Palm Beach P D            561 653-2829              p.2

User: DKAPPER

# WEST PALM BEACH

12/04/06 08:54:22

## Event Report

Event ID: 06-00160815        Call Ref #: 643

Date/Time Received: 12/04/06 08:19:48

| Rpt #: | Call Source: PHONE | Prime DPR1 Unit: KAPPER, DENISE | Services Involved |
|---|---|---|---|
| | | | LAW |

Location: 1451 S OLIVE AVE

X-ST: *DIANA PL*
      *ACTAEON PL*

Jur: CAD   Service: LAW   Agency: WPB

Business: NORTON MUSEUM OF ART          Phone: (561) 832-5196

St/Beat: 4    District: D2    RA: S2

Nature: **LOST OR FOUND PROPERTY**      Alarm Lvl:   1   Priority: 4

Medical Priority:

Reclassified Nature:

Caller: LAURA

Addr: 1451 S OLIVE AVE          Phone: ████████          Alarm:

Vehicle #:          St:          Report Only: No      Race:      Sex:      Age:      Alarm Type:

Call Taker: MMACKEY

Console: EYE

Geo-Verified Addr.: Yes   Nature Summary Code:       Disposition: CAD    Close Comments:

Notes: ON THIS DATE, I SPOKE WITH LAURA LITINSKY, BY PHONE. LITINSKY REPORTE DTHE LOSS OF A 5.02 OVAL DIAMOND, THAT FELL OUT OF HER RING, ON 11-18-06, BETWEEN 2100 - 2300. THE INCIDENT OCCURRED AT 1451 S OLIVE AVE - NORTON MUSEUM OF ART, DURING A DINNER PARTY. THE DISCOVERY WAS MADE WHEN LITINSKY ARRIVED HOME. THE DIAMOND WAS DESCRIBED AS A "bulgari", and was valued at $125,000.00. THE RING WAS NOT INSURED. LITINSKY WILL CALL AROUND TO LOCAL PAWN SHOPS TO ASCERTAIN IF IT WAS TURNED IN, BECAUSE THE DIAMOND CAN BE IDENTIFIED THROUGH PAPERWORK AND MARKINGS. THE CAD # WAS ISSUED.

LAURIA LITINSKY WF 10051949
17052 BROOKWOOD DR
BOCA RATON, FL 33496

████████ 12/04/06 08:53:48 DKAPPER]
ADV SGT COPPIN OF CALL HOLDING VIA RADIO. [12/04/06 08:34:29 KGASKIN]
ALT # ████████ REF TO LOSING A DIAMOND FROM HER RING... [12/04/06 08:21:30 MMACKEY]

| | Time From Call Received | | |
|---|---|---|---|
| Call Received: 12/04/06 08:19:48 | 000:01:57 | | |
| Call Routed: 12/04/06 08:21:45 | 000:01:57 | Unit Reaction: : : | *(1st Dispatch to 1st Arrive)* |
| Call Take Finished: 12/04/06 08:21:45 | 000:21:44 *(Time Held)* | En-Route: : : | *(1st Dispatch to 1st En-Route)* |
| 1st Dispatch: 12/04/06 08:41:32 | | On-Scene: : : | *(1st Arrive to Last Clear)* |
| 1st En-Route: | : : | | |
| 1st Arrive: | : : | | |
| Last Clear: 12/04/06 08:54:13 | 000:34:25 *(Reaction Time)* | | |

| Unit | Empl ID | Type | Description | Radio Log | | Close | |
|---|---|---|---|---|---|---|---|
| | | | | Time Stamp | Comments | Code | User |
| DPR1 | 01168 | D | Dispatched | 12/04/06 08:41:32 Stat/Beat: CITY | | | DKAPPE |
| DPR1 | 01168 | C | Cleared | 12/04/06 08:54:13 | | CAD | DKAPPE |

*Jntcl*

Page 1

**4**

December 20, 2006

Mr. Joe Graff
GIA
5355 Armada Drive
Carlsbad, CA 92008-4699

Dear Sir:

I spoke with you this morning to report a lost stone. As you requested I am faxing a copy of the police report from West Palm Beach, Florida and a copy of the GIA certificate along with this letter.

The 5.02 Oval Brilliant, VVS2/F, Bulgari diamond fell out of its setting the evening of November 18th, 2006.

Please inform the police if at anytime in the future anyone requests a GIA certificate on this stone. You can reach me at my home, 17052 Brookwood Drive, Boca Raton, FL 33496; Tel ██████████, Fax██████████

Should this occur many years from now, you can always reach us through my husband's office. Delray Eye Associates,16201 S. Military Trail, Delray Beach, FL 33484, Tel 561 498 8100.

I appreciate your assistance. I would be overjoyed if my beloved diamond turns up someday.

Thank you.

Sincerely,


Laura Litinsky

5

**LOST OR ABANDONED PROPERTY**
Ch. 705

§ 705.102

rights in or title thereto.    Op.Atty.Gen.,
076–101, May 6, 1976.

**705.1015.    County or municipal code inspectors or code enforcement offi-
cers; duties**

Employees of a county or municipality whose duty it is to ensure code
compliance or enforce codes and ordinances may be designated by the govern-
ing body of the county or the municipality to administer the provisions of this
chapter which pertain to lost or abandoned property.  Designation of such
employees shall not provide the employees with the authority to bear arms or
make arrests.

Added by Laws 1989, c. 89–268, § 16, eff. Oct. 1, 1989.

### Library References

Abandoned and Lost Property ⚖10 to 13.
Escheat ⚖6.
WESTLAW Topic Nos. 1, 152.

C.J.S. Escheat §§ 8 to 20.
C.J.S. Finding Lost Goods §§ 1 to 18.

**705.102.    Reporting lost or abandoned property**

(1) Whenever any person finds any lost or abandoned property, such person
shall report the description and location of the property to a law enforcement
officer.

(2) The law enforcement officer taking the report shall ascertain whether the
person reporting the property wishes to make a claim to it if the rightful owner
cannot be identified or located.  If the person does wish to make such claim, he
or she shall deposit with the law enforcement agency a reasonable sum
sufficient to cover the agency's cost for transportation, storage, and publication
of notice.  This sum shall be reimbursed to the finder by the rightful owner
should he or she identify and reclaim the property.

(3) It is unlawful for any person who finds any lost or abandoned property to
appropriate the same to his or her own use or to refuse to deliver the same
when required.

(4) Any person who unlawfully appropriates such lost or abandoned property
to his or her own use or refuses to deliver such property when required
commits theft as defined in s. 812.014, punishable as provided in s. 775.082, s.
775.083, or s. 775.084.

Amended by Laws 1992, c. 92–79, § 4, eff. Oct. 1, 1992;  Laws 1997, c. 97–102, § 790,
eff. July 1, 1997.

### Historical and Statutory Notes

**Derivation:**
Laws 1987, c. 87–82, § 2.

Laws 1992, c. 92–79, § 4, eff. Oct. 1, 1992,
reenacted subsec. (4) of this section for the

43

**6**



New York Headquarters
580 Fifth Avenue Suite 200  |  New York, NY 10036-4794
T: 212-221-5858  |  F: 212-575-3095

Carlsbad
5355 Armada Drive  |  Carlsbad, CA 92008-4699
T: 760-603-4500  |  F: 760-603-1814
www.gia.edu

November 27, 2007

VIA First Class Mail

Mrs. Laura Litinsky
17052 Brookwood Drive
Boca Raton, Florida 33496

Mr. Rafael Zakaria, President
Diamante
550 South Hill Street # 1260
Los Angeles, California 90013

<u>Re: 5.02 Carat Oval Brilliant Diamond
        GIA Report 12011455 & GIA Report 16434784</u>

Dear Ms. Litinsky & Mr. Zakaria,

GIA has received from each of you (Mr. Zakaria on behalf of Diamante), competing claims of ownership with respect to the above referenced diamond (the" Diamond"), which was submitted to GIA by Diamante but for which Ms. Litinsky also claims to be rightful owner.  Further to your respective consents to exchange contact information, set forth above is the respective contact information for each of you.

Please be advised that if within thirty (30) days from the date of this letter, Ms. Litinsky, does not (a) resolve with Diamante these competing claims of ownership, or (b) obtain a directive from law enforcement or an order, from a court having jurisdiction over GIA, directing GIA to hold the diamond or to deliver it to a third-party, then GIA will consider returning the diamond to Diamante -- as the party who delivered the diamond to GIA.

Please be guided accordingly.

If either of you wishes to discuss this matter please contact us.

Sincerely,
GIA Laboratory

Ivy R. Cutler GG
Records Department
212-221-5858 ext. 3539
212-997-7661 Fax

Cc Todd B. Marcus, Esq.
   Gary Kovacs, Esq.
   Ruben Yoshelme, Esq.

The World's Foremost Authority in Gemology™  |  Ensuring the Public Trust through Nonprofit Service since 1931

**7**

Nov 16 2007 12:41PM    BRUSA HIGH JEWELRY        212-974-2296        P.1

# B V L G A R I

November 15, 2007

Dear Mrs. Letinsky,

    Attached you will find a copy of the sales receipt for your purchase of our ring reference, RD373, that took place in the Bulgari Geneva shop in 2003. A copy of the GIA certificate is also enclosed for this diamond ring and it is described as such: oval cut 5.02cts. F VVS2 and its certificate is GIA certificate# 12011455.

Sincerely,

Carmen Damiani
Bulgari Retail USA

**BULGARI RETAIL USA Srl**

730 Fifth Avenue, New York, NY 10019 · Tel. (212) 315-9700 · Fax. (212) 957-6478

Corporate Offices (212) 315-9700 · Fax: (212) 767-0167

NEW YORK · BEVERLY HILLS · ASPEN · SAN FRANCISCO · BAL HARBOUR · LAS VEGAS · SOUTH COAST PLAZA · CHICAGO · HONOLULU · PALM BEACH · HOUSTON

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900

# PROSKAUER ROSE LLP

**Joshua W. Ruthizer**
Attorney at Law

Direct Dial 212.969.3869
jruthizer@proskauer.com

December 20, 2007

**By Facsimile and UPS Next Day Air**

Rafael Zakaria
President
Diamante The Diamond Manufacturers, Inc.
550 South Hill Street # 1260
Los Angeles, California  90013
Fax:  (213) 622-3600

Reuben Yeroushalmi, Esq.
Counsel to Rafael Zakaria and Diamante the Diamond Manufacturers, Inc.
Wilshire Park Place
3700 Wilshire Boulevard, Suite 480
Los Angeles, California  90010
Fax:  (213) 382-3430

Re:   5.02 Carat Oval Brilliant Diamond GIA Report 12011455 & GIA Report 16434784

Dear Mr. Zakaria and Mr. Yeroushalmi:

I write as counsel to Laura Litinksy, the owner of a 5.02 Carat Oval Brilliant Diamond, as described in Gemological Institute of America ("GIA") Report 12011455 (the "Diamond").  The Diamond is currently being held by GIA in its New York Offices and was submitted to GIA by Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria, Diamante's President.

On December 14, 2007, I wrote to both of you, GIA and GIA's counsel.  In that letter I informed you that the Diamond was stolen property and Mrs. Litinsky is its rightful owner.  A copy of my December 14, 2007 letter is enclosed.

My December 14 letter also requested that you enter into a written agreement to, among other things, either transfer the Diamond to Mrs. Litinsky or consent to allow GIA to hold the Diamond until ownership of the Diamond could be resolved.

PROSKAUER ROSE LLP

December 20, 2007
Page 2

As you know, on November 27, 2007, GIA wrote to both Mrs. Litinsky and Mr. Zakaria to state that if the competing claims of ownership of the Diamond are not resolved within 30 days, then absent a court order, GIA will consider returning the Diamond to Mr. Zakaria and Diamante. A copy of GIA's November 27, 2007 letter is attached to my December 14 letter as Exhibit 6.

My December 14 letter stated that Mrs. Litinsky could not allow December 27 to pass without protecting her legal rights and that if a written agreement was not executed by December 20, 2007, then Mrs. Litinsky would have no choice but to seek redress from a court.

Today is December 20, 2007 and as of the time I am writing this letter, I have received no response to my December 14, 2007 letter from either Mr. Zakaria or Mr. Yeroushalmi.

Therefore, Mrs. Litinsky must request relief in this matter from a court in order to protect her legal rights. On Friday December 21, 2007, or as soon after as possible, Mrs. Litinsky will file a complaint in the Southern District of New York seeking a declaratory judgment that she is the owner of the Diamond and an order to have the Diamond seized and delivered to her. Also on Friday December 21, 2007, or as soon after as possible, Mrs. Litinsky will seek a temporary restraining order and preliminary injunction to preserve the status quo and enjoin GIA from returning the Diamond to Mr. Zakaria and Diamante until the merits of Mrs. Litinsky's claims can be determined by the Court.

Please contact me as soon as possible if you wish to discuss these matters.

Sincerely,

Joshua W. Ruthizer

Attachments

cc:    Albert W. Gortz
       Gary W. Kovacs
       Todd Marcus, counsel to GIA (w/o enclosures), via facsimile (212) 884-8489