UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

LAURA LITINSKY    :    Docket No.: 07 - CV - 11475 (RJS)

    :

             Plaintiff,    :    Judge: Sullivan

    :

   against    :

    :

DIAMANTE THE DIAMOND    :
MANUFACTURERS, INC., RAFAEL    :
ZAKARIA, AND THE GEMOLOGICAL    :
INSTITUTE OF AMERICA    :

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

### DECLARATION OF JOSHUA RUTHIZER IN SUPPORT OF PLAINTIFF LAURA LITINSKY'S ORDER TO SHOW CAUSE REQUESTING A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Joshua Ruthizer hereby declares as follows under penalty of perjury:

    1.     I am an associate with the law firm of Proskauer Rose LLP, 1585 Broadway, New York, New York and counsel to the Plaintiff Laura Litinsky in this action.

    2.     I make this affidavit in support of Mrs. Litinsky's order to show cause for a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. § 7109(a), to preserve the status quo pending trial on the merits of Mrs. Litinsky's underlying causes of action. Mrs. Litinsky asks that the Court preliminarily restrain and enjoin Defendant the Gemological Institute of America ("GIA") its servants, employees, agents, representatives, and all persons acting in concert with them, from transferring the 5.02 Cara Oval Brilliant Diamond subject of GIA Report 12011455 and GIA Report 16434784 (the "Diamond") to Defendants Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria ("Zakaria") or from removing, transferring, dismantling, selling, pledging or otherwise disposing

of the Diamond or permitting the Diamond to become subject to a security interest or lien.

3.      On or about December 11, 2007, I telephoned Todd Marcus of DLA Piper US LLP, 1251 Avenue of the Americas, New York, New York, counsel to GIA.  I asked whether GIA would agree to halt return the Diamond to Zakaria and Diamante while ownership of the Diamond was determined by a court of competent jurisdiction.  Mr. Marcus replied that GIA would do so if all parties executed a release to hold GIA harmless under such circumstances.

4.      On December 14, 2007, I sent a letter, on Mrs. Litinsky's behalf, via UPS Next Day Air to Diamante, Zakaria, GIA, Reuben Yeroushalmi, the purported counsel for Defendants Zakaria and Diamante, and Mr. Marcus requesting that they return the Diamond to Mrs. Litinsky's immediate and complete possession.  I also sent the letter via facsimile to Mr. Yeroushalmi, GIA and Mr. Marcus.  A facsimile number for Zakaria and Diamante was not available to me at that time.  A copy of my December 14, 2007 letter is attached to this Declaration as Exhibit 1.

5.      My letter stated that under Florida Law, the Diamond was stolen property, and therefore Diamante and Zakaria never obtained title to the Diamond

6.      My letter stated that because the Diamond was stolen property, Mrs. Litinsky was still the rightful owner of the Diamond.  My letter requested that GIA, Zakaria and Diamante return the Diamond to Mrs. Litinsky or her counsel as soon as possible.

7.      My letter also stated that Mrs. Litinsky would offer assistance, including documents and testimony, in a lawsuit commenced by Zakaria and Diamante against Provident Jewelry to rescind the sale of the Diamond.

8.      My letter requested that all parties enter into a written agreement stating that: "(1) Diamante relinquishes possession of the Diamond and agrees that Mrs. Litinsky is the owner of

the Diamond; (2) GIA is to return the Diamond to Mrs. Litinksy or her counsel within 30 days of

the agreement; (3) GIA will hold the Diamond in its possession until ownership of the Diamond

can be determined by a court of competent jurisdiction; and/or (4) GIA will commence an

interpleader action in the United States District Court for the Southern District of New York to

determine the ownership of the Diamond." (Ex. 1.)

9.      I also stated in my letter that Mrs. Litinsky could not allow December 27, 2007 to

pass without protecting her legal rights to the Diamond, and therefore if a signed agreement was

not executed by December 20, 2007, Mrs. Litinsky would have no choice but to file a lawsuit to

regain possession of the Diamond and to seek a temporary restraining order or preliminary

injunction to prevent return of the Diamond to Zakaria and Diamante.

10.      Neither Zakaria, Diamante, Mr. Yeroushalmi nor anyone else identifying

themselves as counsel to Zakaria or Diamante responded to my December 14, 2007 letter.

11.      On December 18, 2007, I spoke via telephone with Mr. Marcus. Mr. Marcus

stated that GIA had no stake in the ownership of the Diamond but that GIA could not transfer the

Diamond to Mrs. Litinsky absent a court order due to the competing claims of ownership.

12.      I informed Mr. Marcus that Mrs. Litinsky would seek a temporary restraining

order and preliminary injunction on Friday December 21, 2007 unless Zakaria and Diamante

agreed to halt transfer of the Diamond. Mr. Marcus stated that **GIA would not oppose an

injunction which prevented GIA from transferring the Diamond pending the

determination of the ownership issues.** Mr. Marcus also stated that he would accept service of

the preliminary injunction and temporary restraining order on behalf of GIA.

13.      Mr. Marcus stated that after an injunction was issued, GIA might request to

deposit the Diamond with the Court pending the Court's determination of the competing claims

of ownership of the Diamond, and that GIA would request to be held harmless in such circumstances.

14.     On December 20, 2007, I telephoned Diamante's offices in California. I identified myself as an attorney and stated that I needed to send a letter via facsimile to their offices. I stated that the letter pertained to a court action. The person on the phone in Diamante's office provided me with their facsimile number.

15.     On December 20, 2007, I sent a letter via facsimile and UPS Next Day Air to Zakaria, Diamante and Mr. Yeroushalmi. Mr. Marcus was carbon copied on my December 20 letter. A copy of my December 20, 2007 letter is attached to this Declaration as Exhibit 2. A copy of my December 14, 2007 letter was also enclosed.

16.     My December 20 letter stated that I had received no response to my December 14 letter and Mrs. Litinsky could not let December 27, 2007 pass without protecting her legal rights to the Diamond. Therefore, Mrs. Litinsky would file a complaint to regain possession of the Diamond on December 21, 2007 or as soon after as possible. My letter also stated that Mrs. Litinsky would request a temporary restraining order and preliminary injunction on December 21, 2007, or as soon after as possible, to preserve the status quo and enjoin GIA from returning the Diamond to Zakaria and Diamante.

17.     No previous application has been made for the relief requested.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
        December 21, 2007

_____
Joshua Ruthizer, Esq.

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Joshua W. Ruthizer**
Attorney at Law

Direct Dial 212.969.3869
jruthizer@proskauer.com

December 14, 2007

## By Facsimile and UPS Next Day Air

Rafael Zakaria
President
Diamante The Diamond Manufacturers, Inc.
550 South Hill Street # 1260
Los Angeles, California 90013
Fax: Not Availible

Ivy R. Cutler GG
Records Department
Gemological Institute of America
580 Fifth Avenue, Suite 200
New York, New York 10036
Fax: (212) 997-7661

Reuben Yeroushalmi, Esq.
Counsel to Rafael Zaria and
Diamante the Diamond Manufacturers, Inc.
Wilshire Park Place
3700 Wilshire Boulevard, Suite 480
Los Angeles, California 90010
Fax: (213) 382-3430

Todd Marcus, Esq.
Counsel to Gemological Institute of
America
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020
Fax: (212) 884-8489

Re:  5.02 Carat Oval Brilliant Diamond GIA Report 12011455 & GIA Report 16434784

Dear Mr. Zakaria, Mr. Yeroushalmi, Ms. Cutler and Mr. Marcus:

I write as counsel to Laura Litinksy, the owner of a 5.02 Carat Oval Brilliant Diamond, as described in Gemological Institute of America ("GIA") Report 12011455 (the "Diamond"). The Diamond is currently being held by GIA in its New York Offices and was submitted to GIA by Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria, its President, for analysis. The purpose of this letter is to inform you of the facts surrounding Mrs. Litinsky's ownership of the Diamond and to request that you return the Diamond to her or her counsel as soon as possible.

On September 24, 2003, Mrs. Litinksy purchased a Bulgari diamond ring containing one 5.02 oval cut diamond F-VVS2 (the Diamond) and two tapered baguette diamonds for $180,000 (the "Ring"). Mrs. Litinsky purchased the Ring at Bulgari, 30 rue de Rhone, 1204 Genève,

PROSKAUER ROSE LLP

December 14, 2007
Page 2

Switzerland. A copy of the receipt for Mrs. Litinsky's purchase of the Ring is attached to this letter at Exhibit 1. With the Ring, Mrs. Litinsky received GIA certificate 12011455 which graded and identified the Diamond. A copy of GIA certificate 12011455 is attached to this letter as Exhibit 2.[1]

On November 18, 2006, Mrs. Litinsky wore the Ring to a charity event at the Norton Museum of Art in West Palm Beach, Florida. When she arrived home after the event, she discovered the Diamond was no longer in its setting in the Ring. The following morning, Mrs. Litinsky contacted the host of the event, the director of the museum, the administrative staff of the museum, the lost of found department of the museum and the caterers of the event to locate the Diamond. All of those listed conducted a thorough search for the Diamond but were unable to locate it. Mrs. Litinsky also attempted to locate the Diamond in the following weeks but was unsuccessful.

On December 4, 2006, Mrs. Litinsky reported the Diamond as lost to the West Palm Beach, Florida Police Department. A copy of the police report is attached to this letter as Exhibit 3.[2] Mrs. Litinksy identified the Diamond to the police as a "5.02 oval diamond...bulgari and ...valued at $125,000.00." She also informed the police that she was calling local pawn shops to see if any had come into possession of the Diamond because the Diamond could "be identified through paperwork and markings." (Ex. 3.)

On December 20, 2006, Mrs. Litinsky reported the Diamond as lost to Joe Graff of GIA via telephone and facsimile letter. A copy of Mrs. Litinsky's facsimile letter to Mr. Graff is attached to this letter as Exhibit 4. She included with the facsimile letter a copy of GIA certificate 12011455 for the Diamond (Ex. 2) and a copy of the West Palm Beach Police Department Report (Ex. 3). Mrs. Litinsky informed Mr. Graff that "[t]he 5.02 Oval Brilliant, VVS2/F, Bulgari diamond fell out of its setting the evening of November 18, 2006" and asked that he "[p]lease inform the police if at anytime in the future anyone requests a GIA certificate on this stone." (Ex. 4.)

Gary Kovacs, an associate in the Boca Raton office of Proskauer Rose, has been in touch with Detective Rodriguez of the West Palm Beach Police Department. Mr. Kovacs has learned that an unknown individual brought the stone to Mr. Neffer, a diamond broker in the West Palm Beach, Florida area. Mr. Neffer then offered the Diamond for sale on behalf of the unknown individual to Provident Jewelry, 331 Clematis Street, Palm Beach, Florida. Mr. Neffer offered the Diamond for sale with no ownership or origin paperwork for the Diamond. Mr. Neffer also offered the Diamond, which has been valued at over $125,000, for sale to Provident Jewelry for

---

[1] On November 15, 2007, Bulgari provided Mrs. Litinsky with a duplicate copy of the sales receipt for the Ring and a duplicate copy of GIA certificate 12011455 for the Diamond. Bulgari also identified GIA certificate 12011455 as pertaining to the Diamond. A copy of Bulgari's November 15, 2007 letter is attached to this letter as Exhibit 7.

[2] Mrs. Litinsky's personal telephone numbers have been redacted from Exhibits 3 and 4.

PROSKAUER ROSE LLP

December 14, 2007
Page 3

approximately $55,000. Provident Jewelry purchased the Diamond for approximately $55,000 and then resold the Diamond to Diamante.

Under Florida Law, "[w]henever any person finds any lost or abandoned property, such person shall report the description and location of the property to a law enforcement officer. The law enforcement officer taking the report shall ascertain whether the person reporting the property wishes to make a claim to it if the rightful owner cannot be identified or located…It is unlawful for any person who finds any lost or abandoned property to appropriate the same to his or her own use…**Any person who unlawfully appropriates such lost or abandoned property to his or her own use…commits theft**…" Fla. Stat. § 705.102 (emphasis added). A copy of this statute is attached to this letter as Exhibit 5.

Mr. Kovacs has learned from Detective Rodriguez that the West Palm Beach Police Department considers the Diamond stolen and continues to investigate the circumstances of the sale of the Diamond by Mr. Neffer to Provident Jewelry.

Thus, the Diamond was stolen at the time it was sold to Provident Jewelry by Mr. Neffer. The unknown individual who approached Mr. Neffer with the Diamond was under an affirmative obligation to turn the Diamond over to law enforcement. The unknown individual's failure to do so constitutes theft. Mr. Neffer sold a stolen diamond to Provident Jewelry and therefore was unable to transfer title to the Diamond to Provident Jewelry. According, Provident Jewelry possessed no title to the Diamond and was unable to transfer title to the Diamond to Diamante. This is the law in New York[3], California[4] and Florida[5].

On the basis of the above facts and law, Mrs. Litinsky holds full and complete title to the Diamond. Mrs. Litinksy respectfully requests that Diamante agree in writing to return the Diamond to Mrs. Litinsky's full and complete possession, and that Diamante instruct GIA to transfer the Diamond to Mrs. Litinsky, as soon as possible.

---

[3] *United States v. Crawford Technical Services*, No. 03 Civ. 3940 (HB), 2004 U.S. Dist Lexis 5824, at **15-16 (S.D.N.Y. April 6, 2004) ("It is firmly established under New York law that a purchaser of stolen property does not have clear title, even if the purchase was made in good faith…A good faith purchaser simply cannot obtain title to stolen property because a thief has no title to give.")

[4] "An involuntary transfer results in void title." *Express Media Group, LLC v. Express Corp.*, No. C 06-03504 WHA, 2007 U.S. Dist. LEXIS 34800, at *13 (N.D. Cal. May 10, 2007); *see also* Cal. Com. Code § 2403(1); *Suburban Motors, Inc. v. State Farm Mut. Auto. Ins. Co.*, 218 Cal. App. 3d 1354, 1360-61, 268 Cal. Rptr. 16 (Cal. Ct. App. 1990).

[5] "Under basic principles of property law, a person who acquires possession of property by theft cannot convey good title to another person, even to a bona fide purchaser. Because the purchaser of stolen property does not have good title, the property can be recovered from the purchaser and returned to the true owner. *Battles v. State*, 602 So. 2d 1287, 1288 (Fla. 1992) (internal citation omitted).

PROSKAUER ROSE LLP

December 14, 2007
Page 4

Mrs. Litinsky believes that Diamante has a valid cause of action against Provident Jewelry to rescind the purchase of the Diamond. In the event that Diamante files suit against Provident Jewelry, Mrs. Litinsky is willing to assist Diamante, including providing Diamante with documents and testimony regarding her ownership of the Diamond and her interactions with the police and GIA after the Diamond was lost.

On November 27, 2007, GIA informed Mrs. Litinsky that it will return the Diamond to Diamante on December 27, 2007 unless ownership of the Diamond is resolved or a court order is issued preventing GIA from returning the Diamond. A copy of GIA's November 27, 2007 letter is attached to this letter as Exhibit 6. Mrs. Litinsky cannot allow December 27, 2007 to pass without protecting her legal rights in the Diamond. By this letter, Mrs. Litinsky respectfully requests that if GIA will not return the Diamond to Mrs. Litinsky's possession, then GIA agree in writing to either hold the Diamond in its possession at its New York offices until ownership of the Diamond can be decided by court of competent jurisdiction, or to commence an interpleader action in the United States District Court for the Southern District of New York to determine the ownership of the Diamond.

Accordingly, if a written agreement is not execute by all parties on or before December 20, 2007 stating that: (1) Diamante relinquishes possession of the Diamond and agrees that Mrs. Litinsky is the owner of the Diamond; (2) GIA is to return the Diamond to Mrs. Litinksy or her counsel within 30 days of the agreement; (3) GIA will hold the Diamond in its possession until ownership of the Diamond can be determined by a court of competent jurisdiction; and/or (4) GIA will commence an interpleader action in the United States District Court for the Southern District of New York to determine the ownership of the Diamond, then Mrs. Litinsky will have no choice but to seek a temporary restraining order and preliminary injunction to enjoin GIA from returning the Diamond to Diamante and to file suit to retrieve possession of the Diamond.

Please contact me as soon as possible to discuss this matter.

Sincerely,

Joshua W. Ruthizer

Attachments

cc:    Albert W. Gortz
       Gary W. Kovacs

1

# BVLGARI

Mrs, Laura LITINSKY
17052 Brookwood Dr.

BOCA RATON, FL 33496
USA

*No. VAT 144477*

Geneva, September 24th, 2003

## INVOICE

### Your purchase of 24th September 2003

RD373    One ring in platinum set with one diamond oval cut (5,02 cts) F-VVS2 and
two tapered baguette diamonds (0,95 cts) F-VVS2

Price (VAT incl.) : USD 180'( 00.-



Invoice paid.
With our thanks.

BULGARI SA
30, rue du Rhône · CH-1204 Genève · Tél.: +41 22 317 70 70 · Fax: +41 22 317 70 75
Via Serlas 24 · CH-7500 St. Moritz · Tel.: +41 81 833 72 30 · Fax: +41 81 833 72 05
Bahnhofstrasse 25 · CH-8001 Zürich · Tel.: +41 1 212 53 03 · Fax: +41 1 212 53 04
Administration: 30, rue du Rhône · CH-1204 Genève · Tél.: +41 22 319 04 60 · Fax: +41 22 317 70 75

# GEM TRADE LABORATORY

Carlsbad
5355 Armada Drive | Carlsbad, CA 92008-4699
T: 760-603-4500 | F: 760-603-1814

**GIA REPORT 12011455**

## DIAMOND GRADING REPORT

May 22, 2002

Shape and Cutting Style ......................... OVAL BRILLIANT
Measurements ...............................12.93 x 8.58 x 5.96 mm
Weight ............................................5.02 carat

**Proportions**

Depth ....................................................... 69.4 %
Table .......................................................
Girdle ............. SLIGHTLY THICK TO VERY THICK,
                                             FACETED
Culet ....................................................... NONE

**Finish**

Polish .................................................. VERY GOOD
Symmetry ................................................ GOOD

Clarity Grade ............................................. VVS2
Color Grade ................................................... F
Fluorescence .......................................... NONE

Comments:
NONE

This Report is not a guarantee, valuation or appraisal.
This Report contains only the characteristics of the dia-
mond described herein after it has been graded, tested,
examined and analyzed by GIA Gem Trade Laboratory
under 10X magnification, and/or has been tested
using the techniques and equipment available to
Gem Trade Laboratory at the time of examination...
...color comparison diamonds, standardized viewing
environment and light source, electronic scale balance,
synthetic diamond screening device, high intensity
short wave fluorescence imaging system, short
wave ultraviolet transmission detection system, optical
measuring device, micro laser inscribing device,
ProportionScope®, ultraviolet lamps, millimeter gauge
and ancillary instruments as necessary. Red symbols
denote internal characteristics (inclusions). Green or
black symbols denote external characteristics (blem-
ishes). Diagram is an approximate representation of the
diamond, and symbols shown indicate type, position
and approximate size of clarity characteristics. All clar-
ity characteristics may not be shown. Details of finish
are not shown. The recipient of this Report may wish to
consult a credentialed Jeweler or Gemologist about the
importance and interrelationship of cut, color, clarity
and carat weight.

| GIA CLARITY SCALE | | GIA COLOR SCALE | |
|---|---|---|---|
| FLAWLESS | | D | |
| INTERNALLY FLAWLESS | | E | |
| VVS1 | VERY VERY SLIGHTLY INCLUDED | F | COLORLESS |
| VVS2 | | G | |
| VS1 | VERY SLIGHTLY INCLUDED | H | NEAR COLORLESS |
| VS2 | | I | |
| | | J | |
| SI1 | SLIGHTLY INCLUDED | K | |
| SI2 | | L | FAINT |
| | | M | |
| I1 | INCLUDED | N | |
| | | O | VERY LIGHT |
| | | P | |
| | | Q | |
| I2 | | R | |
| | | S | |
| | | T | |
| | | U | LIGHT |
| | | V | |
| I3 | | W | |
| | | X | |
| | | Y | |
| | | Z | |




**KEY TO SYMBOLS**
⌒ Feather



IMPORTANT DOCUMENT, STORE SAFELY

**3**

Nov 15 06 03:27p    West Palm Beach P D        561 653-2829        p.2

User: DKAPPER

# WEST PALM BEACH

12/04/06 08:54:22

## Event Report

Event ID: 06-00160815        Call Ref #: 643

Date/Time Received: 12/04/06 08:19:48

| Rpt #: | | Call Source: PHONE | Prime DPR1 | Services Involved | | | |
|---|---|---|---|---|---|---|---|
| | | | Unit: KAPPER, DENISE | LAW | | | |

Location: 1451 S OLIVE AVE

X-ST:  *DIANA PL*

*ACTAEON PL*

Business: NORTON MUSEUM OF ART        Phone: (561) 832-5196

Jur: CAD        Service: LAW    Agency: WPB

St/Beat: 4        District: D2        RA: S2

Nature: **LOST OR FOUND PROPERTY**        Alarm Lvl:    1    Priority: 4

Medical Priority:

Reclassified Nature:

Caller: LAURA

Addr: 1451 S OLIVE AVE        Phone: ███████

Alarm:

Vehicle #:        St:        Report Only: No        Race:        Sex:        Age:

Alarm Type:

Call Taker: MMACKEY        Console: EYE

Geo-Verified Addr.: Yes    Nature Summary Code:        Disposition: CAD    Close Comments:

Notes: ON THIS DATE, I SPOKE WITH LAURA LITINSKY, BY PHONE. LITINSKY REPORTE DTHE LOSS OF A 5.02
OVAL DIAMOND, THAT FELL OUT OF HER RING, ON 11-18-06, BETWEEN 2100 - 2300. THE INCIDENT
OCCURRED AT 1451 S OLIVE AVE - NORTON MUSEUM OF ART, DURING A DINNER PARTY. THE DISCOVERY
WAS MADE WHEN LITINSKY ARRIVED HOME. THE DIAMOND WAS DESCRIBED AS A "bulgari", and was valued
at $125,000.00. THE RING WAS NOT INSURED. LITINSKY WILL CALL AROUND TO LOCAL PAWN SHOPS TO
ASCERTAIN IF IT WAS TURNED IN, BECAUSE THE DIAMOND CAN BE IDENTIFIED THROUGH PAPERWORK
AND MARKINGS. THE CAD # WAS ISSUED.

LAURIA LITINSKY WF 10051949
17052 BROOKWOOD DR
BOCA RATON, FL 33496

███████ [12/04/06 08:53:48 DKAPPER]
ADV SGT COPPIN OF CALL HOLDING VIA RADIO. [12/04/06 08:34:29 KGASKIN]
ALT # █████████ REF TO LOSING A DIAMOND FROM HER RING... [12/04/06 08:21:30 MMACKEY]

| | Time From Call Received | | | |
|---|---|---|---|---|
| Call Received: 12/04/06 08:19:48 | | | | |
| Call Routed: 12/04/06 08:21:45 | 000:01:57 | | | |
| Call Take Finished: 12/04/06 08:21:45 | 000:01:57 | Unit Reaction: : : | (1st Dispatch to 1st Arrive) | |
| 1st Dispatch: 12/04/06 08:41:32 | 000:21:44 | (Time Held) | En-Route: : : | (1st Dispatch to 1st En-Route) |
| 1st En-Route: | : : | | On-Scene: : : | (1st Arrive to Last Clear) |
| 1st Arrive: | : : | | | |
| Last Clear: 12/04/06 08:54:13 | 000:34:25 | (Reaction Time) | | |

| Unit | Empl ID | Type | Description | Radio Log Time Stamp | Comments | Close Code | User |
|---|---|---|---|---|---|---|---|
| DPR1 | 01168 | D | Dispatched | 12/04/06 08:41:32 | Stat/Beat: CITY | | DKAPPE |
| DPR1 | 01168 | C | Cleared | 12/04/06 08:54:13 | | CAD | DKAPPE |

*Jmcl*

Page 1

**4**

December 20, 2006

Mr. Joe Graff
GIA
5355 Armada Drive
Carlsbad, CA 92008-4699

Dear Sir:

I spoke with you this morning to report a lost stone. As you requested I am faxing a copy of the police report from West Palm Beach, Florida and a copy of the GIA certificate along with this letter.

The 5.02 Oval Brilliant, VVS2/F, Bulgari diamond fell out of its setting the evening of November 18th, 2006.

Please inform the police if at anytime in the future anyone requests a GIA certificate on this stone. You can reach me at my home, 17052 Brookwood Drive, Boca Raton, FL 33496; Tel ▉▉▉▉▉▉▉, Fax▉▉▉▉▉▉▉

Should this occur many years from now, you can always reach us through my husband's office. Delray Eye Associates,16201 S. Military Trail, Delray Beach, FL 33484, Tel 561 498 8100.

I appreciate your assistance. I would be overjoyed if my beloved diamond turns up someday.

Thank you.

Sincerely,

Laura Litinsky

5

rights in or title thereto.    Op.Atty.Gen.,
076-101, May 6, 1976.

## 705.1015.  County or municipal code inspectors or code enforcement officers; duties

Employees of a county or municipality whose duty it is to ensure code compliance or enforce codes and ordinances may be designated by the governing body of the county or the municipality to administer the provisions of this chapter which pertain to lost or abandoned property.  Designation of such employees shall not provide the employees with the authority to bear arms or make arrests.

Added by Laws 1989, c. 89–268, § 16, eff. Oct. 1, 1989.

### Library References

Abandoned and Lost Property ⊂⊃10 to 13.
Escheat ⊂⊃6.
WESTLAW Topic Nos. 1, 152.

C.J.S. Escheat §§ 8 to 20.
C.J.S. Finding Lost Goods §§ 1 to 18.

## 705.102.  Reporting lost or abandoned property

(1) Whenever any person finds any lost or abandoned property, such person shall report the description and location of the property to a law enforcement officer.

(2) The law enforcement officer taking the report shall ascertain whether the person reporting the property wishes to make a claim to it if the rightful owner cannot be identified or located.  If the person does wish to make such claim, he or she shall deposit with the law enforcement agency a reasonable sum sufficient to cover the agency's cost for transportation, storage, and publication of notice.  This sum shall be reimbursed to the finder by the rightful owner should he or she identify and reclaim the property.

(3) It is unlawful for any person who finds any lost or abandoned property to appropriate the same to his or her own use or to refuse to deliver the same when required.

(4) Any person who unlawfully appropriates such lost or abandoned property to his or her own use or refuses to deliver such property when required commits theft as defined in s. 812.014, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

Amended by Laws 1992, c. 92–79, § 4, eff. Oct. 1, 1992; Laws 1997, c. 97–102, § 790, eff. July 1, 1997.

### Historical and Statutory Notes

Derivation:
Laws 1987, c. 87–82, § 2.

Laws 1992, c. 92–79, § 4, eff. Oct. 1, 1992, reenacted subsec. (4) of this section for the

6



**GIA**
GEMOLOGICAL INSTITUTE OF AMERICA®
Laboratory

New York Headquarters
580 Fifth Avenue Suite 200  |  New York, NY 10036-4794
T: 212-221-5858  |  F: 212-575-3095

Carlsbad
5355 Armada Drive  |  Carlsbad, CA 92008-4698
T: 760-603-4500  |  F: 760-603-1814
www.gia.edu

November 27, 2007

VIA First Class Mail

Mrs. Laura Litinsky
17052 Brookwood Drive
Boca Raton, Florida 33496

Mr. Rafael Zakaria, President
Diamante
550 South Hill Street # 1260
Los Angeles, California 90013

Re: 5.02 Carat Oval Brilliant Diamond
     GIA Report 12011455 & GIA Report 16434784

Dear Ms. Litinsky & Mr. Zakaria,

GIA has received from each of you (Mr. Zakaria on behalf of Diamante), competing claims of ownership with respect to the above referenced diamond (the" Diamond"), which was submitted to GIA by Diamante but for which Ms. Litinsky also claims to be rightful owner. Further to your respective consents to exchange contact information, set forth above is the respective contact information for each of you.

Please be advised that if within thirty (30) days from the date of this letter, Ms. Litinsky, does not (a) resolve with Diamante these competing claims of ownership, or (b) obtain a directive from law enforcement or an order, from a court having jurisdiction over GIA, directing GIA to hold the diamond or to deliver it to a third-party, then GIA will consider returning the diamond to Diamante -- as the party who delivered the diamond to GIA.

Please be guided accordingly.

If either of you wishes to discuss this matter please contact us.

Sincerely,
GIA Laboratory

Ivy R. Cutler GG
Records Department
212-221-5858 ext. 3539
212-997-7661 Fax

Cc Todd B. Marcus, Esq.
   Gary Kovacs, Esq.
   Ruben Yoshelme, Esq.

The World's Foremost Authority in Gemology™  |  Ensuring the Public Trust through Nonprofit Service since 1931

**7**

# B V L G A R I

November 15, 2007

Dear Mrs. Letinsky,

    Attached you will find a copy of the sales receipt for your purchase of our ring reference, RD373, that took place in the Bulgari Geneva shop in 2003. A copy of the GIA certificate is also enclosed for this diamond ring and it is described as such: oval cut 5.02cts. F VVS2 and its certificate is GIA certificate# 12011455.

Sincerely,

Carmen Damiani
Bulgari Retail USA

BULGARI RETAIL USA Srl

730 Fifth Avenue, New York, NY 10019  ·  Tel. (212) 315-9700  ·  Fax. (212) 957-6478

Corporate Offices (212) 315-9700  ·  Fax: (212) 767-0167

NEW YORK · BEVERLY HILLS · ASPEN · SAN FRANCISCO · BAL HARBOUR · LAS VEGAS · SOUTH COAST PLAZA  · CHICAGO · HONOLULU · PALM BEACH · HOUSTON

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

1585 Broadway
New York, NY  10036-8299
Telephone 212.969.3000
Fax 212.969.2900

# PROSKAUER ROSE LLP

**Joshua W. Ruthizer**
Attorney at Law

Direct Dial 212.969.3869
jruthizer@proskauer.com

December 20, 2007

**By Facsimile and UPS Next Day Air**

Rafael Zakaria
President
Diamante The Diamond Manufacturers, Inc.
550 South Hill Street # 1260
Los Angeles, California  90013
Fax:  (213) 622-3600

Reuben Yeroushalmi, Esq.
Counsel to Rafael Zakaria and Diamante the Diamond Manufacturers, Inc.
Wilshire Park Place
3700 Wilshire Boulevard, Suite 480
Los Angeles, California  90010
Fax:  (213) 382-3430

Re:   5.02 Carat Oval Brilliant Diamond GIA Report 12011455 & GIA Report 16434784

Dear Mr. Zakaria and Mr. Yeroushalmi:

I write as counsel to Laura Litinksy, the owner of a 5.02 Carat Oval Brilliant Diamond, as described in Gemological Institute of America ("GIA") Report 12011455 (the "Diamond").  The Diamond is currently being held by GIA in its New York Offices and was submitted to GIA by Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria, Diamante's President.

On December 14, 2007, I wrote to both of you, GIA and GIA's counsel.  In that letter I informed you that the Diamond was stolen property and Mrs. Litinsky is its rightful owner.  A copy of my December 14, 2007 letter is enclosed.

My December 14 letter also requested that you enter into a written agreement to, among other things, either transfer the Diamond to Mrs. Litinsky or consent to allow GIA to hold the Diamond until ownership of the Diamond could be resolved.

PROSKAUER ROSE LLP

December 20, 2007
Page 2

As you know, on November 27, 2007, GIA wrote to both Mrs. Litinsky and Mr. Zakaria to state that if the competing claims of ownership of the Diamond are not resolved within 30 days, then absent a court order, GIA will consider returning the Diamond to Mr. Zakaria and Diamante. A copy of GIA's November 27, 2007 letter is attached to my December 14 letter as Exhibit 6.

My December 14 letter stated that Mrs. Litinsky could not allow December 27 to pass without protecting her legal rights and that if a written agreement was not executed by December 20, 2007, then Mrs. Litinsky would have no choice but to seek redress from a court.

Today is December 20, 2007 and as of the time I am writing this letter, I have received no response to my December 14, 2007 letter from either Mr. Zakaria or Mr. Yeroushalmi.

Therefore, Mrs. Litinsky must request relief in this matter from a court in order to protect her legal rights. On Friday December 21, 2007, or as soon after as possible, Mrs. Litinsky will file a complaint in the Southern District of New York seeking a declaratory judgment that she is the owner of the Diamond and an order to have the Diamond seized and delivered to her. Also on Friday December 21, 2007, or as soon after as possible, Mrs. Litinsky will seek a temporary restraining order and preliminary injunction to preserve the status quo and enjoin GIA from returning the Diamond to Mr. Zakaria and Diamante until the merits of Mrs. Litinsky's claims can be determined by the Court.

Please contact me as soon as possible if you wish to discuss these matters.

Sincerely,

Joshua W. Ruthizer

Attachments

cc:    Albert W. Gortz
       Gary W. Kovacs
       Todd Marcus, counsel to GIA (w/o enclosures), via facsimile (212) 884-8489