UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LAURA LITINSKY,

        Plaintiff,

-v-

DIAMANTE THE DIAMOND
MANUFACTUERS, INC., *et al.*,

        Defendants.

No. 07 Civ. 11475 (RJS)
<u>ORDER</u>

RICHARD J. SULLIVAN, District Judge:

On December 21, 2007, plaintiff in the above-entitled action submitted an application for a temporary restraining order. For the reasons set forth below, as well as those stated on the record at the conference on December 26, 2007, plaintiff's request for a temporary restraining order is GRANTED.

Having reviewed the complaint and the supporting exhibits, the Court finds that plaintiff has established (1) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [her] favor"; and (2) a likelihood of irreparable harm if the requested relief is denied. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007) (internal citation omitted).

First, plaintiff has raised serious questions as to whether the 5.02 carat oval cut brilliant F-VVS2 diamond that is allegedly the subject of GIA Certificate 12011455 and GIA Certificate 16434784 (the "Diamond"), and which is currently in the possession of defendant Gemological Institute of America ("GIA"), is, in fact, the lawful property of plaintiff.

In addition, plaintiff has established that the balance of hardships tip decidedly in her favor. Absent the restraining order, plaintiff may be denied the opportunity to recover the Diamond if GIA were to transfer the Diamond to an unlawful owner. By contrast, if the restraining order were issued, the respective defendants would merely suffer the "hardship" of a slight delay, if any, in transferring or retaking possession of the Diamond.

Second, plaintiff has established a likelihood of irreparable harm absent the restraining order based on the potential loss of the unique item at issue in this action.

Furthermore, the Court notes that defendants Diamante The Diamond Manufactuers, Inc. ("Diamante") and Rafael Zakaria ("Zakaria") did not appear at the conference before the Court on December 26, 2007. However, counsel for plaintiff has submitted a declaration wherein he attests that the following items, *inter alia*, were served on Zakaria and Diamante, respectively, by mail on December 21, 2007, and by personal service on December 24, 2007: (1) the Court's Order to Show Cause dated December 21, 2007; (2) plaintiff's motion for a temporary restraining order and supporting papers; and (3) the complaint in this action with attached exhibits. (Ruthizer Supp. Decl. ¶¶ 7-9, 28-, 30.) Therefore, the Court issues the following directive, pursuant to Rule 65(b), as a temporary restraining order obtained *with* notice to all defendants.

Accordingly,

IT IS HEREBY ORDERED that defendant Gemological Institute of America ("GIA"), its servants, employees, agents, representatives, and all persons acting in concert with them, are preliminarily restrained and enjoined, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and N.Y.C.P.L.R. § 7109(a), from transferring the Diamond to Zakaria or Diamante, or from removing, transferring, dismantling, selling, pledging, or otherwise disposing of the Diamond

or permitting the Diamond to become subject to a security interest or lien.[1]

IT IS FURTHER ORDERED that counsel for all parties shall appear for a conference on Friday, January 11, 2008, at 12:00 p.m. in the United States District Court, 500 Pearl Street, New York, New York, Courtroom 21C.

IT IS FURTHER ORDERED that counsel for plaintiff shall serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED.

DATED:   New York, New York
         December 26, 2007

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] At this time, the Court deems the "proper" amount of security in this action to be $0. Fed. R. Civ. P. 65(c). The sole defendant to have appeared in this action — namely, GIA — did not request that plaintiff be directed to post security, and the Court finds no basis in the record to do so. Defendants may, of course, seek to re-open this issue at a later stage of the case.