UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAURA LITINSKY,　　　　　　　　　　　　　Case No. 07-CV-011475(RJS)

　　　　　　　Plaintiff,

　-against-

DIAMANTE THE DIAMOND　　　　　　　　　**ANSWER AND COUNTERCLAIM**
MANUFACTURERS, INC., RAFAEL
ZAKARIA, and THE GEMOLOGICAL
INSTITUTE OF AMERICA,

　　　　　　　Defendants.
-----------------------------------------------------------x

　　　　Defendant The Gemological Institute of America, Inc. ("GIA"), by its attorneys, DLA Piper US LLP, as and for its answer to the Complaint filed herein by Plaintiff Laura Litinsky ("Litinsky"), and for its counterclaim, responds and alleges as follows:

## NATURE OF THE ACTION

　　　　1.　　Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, except admits (a) this is an action seeking the recovery of chattel, (b) the Diamond is a 5.02 carat oval cut brilliant F-VVS2 diamond, and the subject of GIA Grading Reports 12011455 and 16434784, and (c) the Diamond is in possession of GIA, which has no claim of ownership thereto.

　　　　2.　　Admits this action seeks (a) a declaratory judgment that Litinsky is the owner of the Diamond, or that her possessory rights thereto are superior to all other parties herein, and (b) an order of seizure, directing the New York County Sheriff or United States Marshall to seize the Diamond and deliver it to Litinsky.

## THE PARTIES

3. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Admits the allegations contained in paragraph 6 of the Complaint, excepts states that GIA maintains laboratories in New York (at 580 Fifth Avenue, New York, New York) and California (at 5345 Armada Drive, Carlsbad, California), among other locations in the world.

## JURISDICTION AND VENUE

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Admits the allegations contained in paragraph 8 of the Complaint, except states that the Diamond is located at GIA's Laboratory at 580 Fifth Avenue, New York, New York.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except admits that GIA transacts business within the State of New York, and maintains a laboratory at 580 Fifth Avenue, New York, New York.

## FACTUAL ALLEGATIONS

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except refers to GIA Grading Report 12011455 for the contents thereof.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Admits the allegations contained in paragraph 17 of the Complaint, and refers to the documents identified therein for the contents thereof.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint (and all sub-parts thereof).

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, except admits Diamante sent the Diamond to GIA for analysis and grading.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Admits the allegations contained in paragraph 24 of the Complaint.

25. Admits the allegations contained in paragraph 25 of the Complaint, and refers to GIA's letter dated November 19, 2007, for the contents thereof.

26. Admits the allegations contained in paragraph 26 of the Complaint, and refers to its letter dated November 27, 2007, for the contents thereof.

27. Admits the allegations contained in paragraph 27 of the Complaint, and refers to GIA's letter dated November 27, 2007, for the contents thereof.

28. Admits the allegations contained in paragraph 28 of the Complaint, and refers to Mr. Ruthizer's letter dated December 14, 2007, for the contents thereof.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Admits the allegations contained in paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and refers to Mr. Ruthizer's letter dated December 20, 2007, for the contents thereof.

32. Admits the allegations contained in paragraph 32 of the Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION

33. Repeats and realleges, as if set forth here in full, the responses and allegations contained in paragraphs 1 through 32 hereof.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

40. Repeats and realleges, as if set forth here in full, the responses and allegations contained in paragraphs 1 through 39 hereof.

41. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Admits the allegations contained in paragraph 43 of the Complaint.

44. Admits the allegations contained in paragraph 44 of the Complaint.

45. Admits the allegations contained in paragraph 45 of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Admits the allegations contained in paragraph 47 of the Complaint, and states that GIA will abide by any court order, agreement between the parties, or any directive given by any governmental authority having jurisdiction over GIA with respect to the disposition and/or delivery of the Diamond.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

49. The Complaint fails to state a cause of action for which relief may be granted as against GIA.

## SECOND AFFIRMATIVE DEFENSE

50. There exists a dispute as to the true owner of the Diamond. GIA has received competing claims of ownership with respect to the Diamond and should not be required to relinquish possession until such competing claims are resolved and the identity of the rightful owner of the Diamond is determined.

## THIRD AFFIRMATIVE DEFENSE

51. Plaintiff's purported causes of action are barred by its culpable conduct and the culpable conduct of third-parties (the identity of whom are unknown to GIA at this time).

## COUNTERCLAIM

52. GIA is a not-for-profit organization, organized and existing under the laws of the State of California, with its principal place of business at The Robert Mouawad Campus, 5345 Armada Drive, Carlsbad, California 92008, and an office at 580 Fifth Avenue, New York, New York 10036.

53. Upon information and belief, Litinsky is an individual and resident of the State of Florida.

54. Upon information and belief, Diamante is a corporation organized and existing under the laws of the State of California, with an office located at 550 South Hill Street, #1260, Los Angeles, California.

55. Upon information and belief, Zakaria is an individual and resident of the State of California.

56. In or about November, 2007, Diamante and Zakaria deposited with GIA a 5.02 carat diamond (the "Diamond") for purposes of having GIA examine and grade the Diamond.

57. Litinsky has asserted a claim to, and ownership of, the Diamond.

58. GIA is ignorant of the respective rights of Litinsky, Diamante, and Zakaria, as respects the Diamond and cannot determine to which of them the Diamond belongs.

59. GIA has no claim to the Diamond and is ready and willing to deliver the Diamond to such persons as the Court shall direct.

60. This counterclaim is not brought by collusion with Litinsky, Diamante, or Zakaria, or any other party.

WHEREFORE, GIA demands judgment as follows: (a) dismissing as against GIA, the Complaint herein, (b) restraining and enjoining Litinsky, Zakaria, and Diamante, from

commencing or prosecuting any action or proceeding against GIA with respect to the Diamond; (c) requiring Litinsky, Zakaria, and Diamante to interplead together regarding their respective claims to the Diamond; (d) authorizing or appointing a person to receive and take custody, care, and control of the Diamond pending the outcome of this action; (e) discharging and releasing GIA from any and all liability to Litinsky, Zakaria, Diamante, and any third-party with respect to the Diamond, and (f) granting such other and further relief as is just and proper.

Dated: January 25, 2008

                DLA PIPER US LLP

By: _____
      Todd B. Marcus (TM-5404)
      1251 Avenue of the Americas
      New York, NY 10020
      Phone: 212-335-4500
      Fax: 212-335-4501
      E-mail: todd.marcus@dlapiper.com
      *Attorneys for Defendant*
        *Gemological Institute of America, Inc.*

TO:    PROSKAUER ROSE LLP
       1585 Broadway
       New York, NY 10036-8299
       Attention: Joshua W. Ruthizer, Esq. (JR-5742)
       Phone: 212-969-3000
       Fax: 212-969-2900
       E-mail: jruthizer@proskauer.com
       *Attorneys for Plaintiff Laura Litinsky*