UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| LAURA LITINSKY | : |
| | : |
| Plaintiff, | : |
| | : Docket No.: 07-cv-11475 (RJS) |
| against | : (GWG) [ECF Case] |
| | : |
| DIAMANTE THE DIAMOND MANUFACTURERS, INC., RAFAEL ZAKARIA, AND THE GEMOLOGICAL INSTITUTE OF AMERICA | : |
| | : |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DECLARATION OF JOSHUA RUTHIZER IN SUPPORT OF
PLAINTIFF LAURA LITINSKY'S ORDER TO SHOW CAUSE REQUESTING A
DEFAULT JUDGMENT AGAINST DEFENDANTS
<u>DIAMANTE THE DIAMOND MANUFACTURERS INC. AND RAFAEL ZAKARIA</u>**

Joshua Ruthizer hereby declares as follows under penalty of perjury:

    1.    I am a member of the bar of this Court, an associate with the law firm of Proskauer Rose LLP, 1585 Broadway, New York, New York and counsel to the Plaintiff Laura Litinsky in this action.

    2.    I am fully familiar with the facts and circumstances of this action, as set forth herein.

    3.    I make this declaration in support of Mrs. Litinsky's Order to Show Cause for a default judgment against Defendants Diamante The Diamond Manufacturers, Inc. ("Diamante") and Rafael Zakaria ("Zakaria"), the President of Diamante, on all allegations and causes of action made against them in the Verified Complaint in this action, and in accordance with the Individual Practices and Default Judgment Procedures of Judge Richard J. Sullivan.

    4.    On December 21, 2007, Mrs. Litinsky filed a Verified Complaint against Zakaria,

Diamante and the GIA for (1) a declaratory judgment that she is the owner the 5.02 carat oval cut brilliant F-VVS2 diamond subject of Gemological Institute of America ("GIA") Certificate 12011455 and GIA Certificate 16434784 (the "Diamond"), or in the alternative that her possessory rights to the Diamond are superior to all other parties to this action, and is entitled to complete and immediate possession of the Diamond, and (2) for an order of seizure pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. 7109(b) directing the New York County Sheriff or the United States Marshall to seize the Diamond from Defendants and deliver the Diamond to Mrs. Litinksy or her counsel. In accordance with the Individual Practices of Judge Richard J. Sullivan, a true and correct copy of the Verified Complaint is annexed to the Order to Show Cause for a Default Judgment.

5. Also on December 21, 2007, Mrs. Litinsky filed a Order to Show Cause seeking a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. § 7109(a), to preliminarily restrain and enjoin GIA its servants, employees, agents, representatives, and all persons acting in concert with them, from transferring the Diamond Diamante and Zakaria, or from removing, transferring, dismantling, selling, pledging or otherwise disposing of the Diamond or permitting the Diamond to become subject to a security interest or lien.

6. On December 24, 2007, the Summons, Verified Complaint and Order to Show Cause with all supporting documents were served upon Diamante by personally delivering them to Rudy Saez, an individual authorized to accept service of process at Diamante's business address, 550 South Hill Street, Los Angeles, California. In accordance with the Individual Practices of Judge Richard J. Sullivan, a true and correct copy of the Affidavit of Service for service upon Diamante is annexed to the Order to Show Cause for a Default Judgment.

7. On December 24, 2007, the Summons, Verified Complaint and Order to Show Cause with all supporting documents were served upon Zakaria, the President of Diamante, by personally delivering them to Rudy Saez, an individual authorized to accept service of process at Zakaria's business address, 550 South Hill Street, Los Angeles, California, and by sending a copy to Zakaria's business address via first class mail of the United States Postal Service. In accordance with the Individual Practices of Judge Richard J. Sullivan, true and correct copies of the Affidavits of Service for service upon Zakaria are annexed to the Order to Show Cause for a Default Judgment.

8. On December 21, 2007, the Summons, Verified Complaint and Order to Show Cause were served upon Todd Marcus of DLA Piper US LLP, counsel to GIA, via electronic mail, facsimile and UPS overnight mail. In accordance with the Individual Practices of Judge Richard J. Sullivan, a true and correct copy of the Certificate of Service for service upon GIA is annexed to the Order to Show Cause for a Default Judgment.

9. On December 26, 2007, this court held a hearing, with notice to all parties, regarding Mrs. Litinsky's request for a temporary restraining order and preliminary injunction. I appeared at the hearing on behalf of Mrs. Litinsky. John Vukelj of DLA Piper US LLP appeared at the hearing on behalf of GIA. No one appeared at the hearing on behalf of Zakaria or Diamante. The court entered a temporary restraining order and scheduled another hearing for January 11, 2008 to allow Zakaria and Diamante an opportunity to retain counsel and appear in response to Mrs. Litinsky's request for a preliminary injunction. A true and correct copy of the Court's December 26, 2007 order is attached to this Declaration as Exhibit 1.

10. On December 28, 2007, the Summons, Verified Complaint and Order to Show Cause with all supporting documents were served upon Diamante by personally delivering them

to Harold I. Gould, the authorized agent for service of process for Diamante, at 4300 Promenade Way, #223P, Marina del Rey, California. In accordance with the Individual Practices of Judge Richard J. Sullivan, a true and correct copy of the Affidavit of Service for service upon Mr. Gould is annexed to the Order to Show Cause for a Default Judgment.

11. On January 11, 2008, the court held a second hearing regarding Mrs. Litinsky's request for a temporary restraining order and preliminary injunction. I appeared at the hearing on behalf of Mrs. Litinsky. Todd Marcus of DLA Piper US LLP appeared at the hearing on behalf of GIA. Zakaria appeared at the hearing on his own behalf.

12. As a result of the Court's January 11, 2008 hearing, the Court ordered that Zakaria and Diamante submit a letter on or before January 18, 2008 indicating their intention to oppose Mrs. Litinsky's request for a preliminary injunction. The court also ordered Mrs. Litinsky to submit a letter on or before January 18, 2008 indicting if she intended to dismiss her claims against GIA. In addition, the Court extended GIA's, Zakaria's and Diamante's time to answer the Verified Complaint until January 25, 2008. A true and correct copy of the Court's January 11, 2008 order is attached to this Declaration as Exhibit 2.

13. On January 18, 2008, Mrs. Litinsky submitted a letter to the Court stating that she intended to dismiss her claims against GIA upon execution of an agreement with GIA, Zakaria and Diamante that GIA would remain in possession of the Diamond during the pendency of the action and that GIA would comply with an order of the Court regarding the Diamond. A true and correct copy of Mrs. Litinsky's January 18 letter is attached to this Declaration as Exhibit 3.

14. On January 16, 2008, Zakaria submitted a letter to the Court and asked for an extension of time for Diamante and Zakaria to submit their letter indicating their intention to oppose Mrs. Litinsky's request for a preliminary injunction. As a result, on January 17, 2008,

the Court extended Zakaria's and Diamante's time to submit their letter until January 22, 2008. A true and correct copy of the Court's January 17, 2008 order is attached to this Declaration as Exhibit 4.

15. On January 21, 2008, Zakaria and Diamante submitted a letter to the Court which stated they "[did] not intend to oppose the preliminary injunction that restrains [GIA] from transferring the [D]iamond to any of the parties to this action." I did not receive a copy of this letter at this time. A true and correct copy of Zakaria's and Diamante's January 21, 2008 letter is attached to this Declaration as Exhibit 5.

16. On or about January 24, 2008, I telephoned Mr. Zakaria and asked whether he would enter into a settlement agreement regarding ownership of the Diamond. Mr. Zakaria declined to enter such an agreement and stated he felt it would prejudice his attempts to recoup the payment he made to purchase the Diamond. Mr. Zakaria stated "he wanted to let the case go", indicating to me that he would not file an answer to the Verified Complaint.

17. On January 25, 2008, the Court provided me, via facsimile, with a copy of Zakaria's and Diamante's January 21, 2008 letter.

18. On January 25, 2008, GIA filed its Answer with Counterclaims to Mrs. Litinsky's Verified Complaint. In accordance with the Individual Practices of Judge Richard J. Sullivan, a true and correct copy of GIA's Answer with Counterclaims is annexed to the Order to Show Cause for a Default Judgment.

19. Zakaria and Diamante failed to file an answer to the Verified Complaint on or before January 25, 2008. In accordance with the Individual Practices of Judge Richard J. Sullivan, a Certificate from the Clerk of the Court stating that no answer was filed by Zakaria and Diamante is annexed to the Order to Show Cause for a Default Judgment.

20.     On February 11, 2008, the Court ordered a stipulation between GIA and Mrs. Litinsky in which Mrs. Litinsky dismissed with prejudice all claims against GIA, GIA dismissed with prejudice all counterclaims against Mrs. Litinsky, and GIA agreed "to comply with any order entered by the Court with respect to the Diamond" and to "maintain possession of the Diamond until such time as GIA receives…an order of a court of competent jurisdiction…directing GIA to deliver possession of the Diamond to [Mrs.] Litinsky…" A true and correct copy of the Stipulation is attached to this Declaration as Exhibit 6.

21.     A default judgment against Zakaria and Diamante on all of the claims and causes of action made against them in this matter is appropriate because Zakaria and Diamante were properly served with the Summons and Verified Complaint and failed to file an answer to the Verified Complaint or even a notice of appearance by January 25, 2008, the deadline set by the Court.

22.     This court may order a default judgment against Zakaria and Diamante and not GIA because GIA is no longer a party to this action. (Ex. 6). In addition, this court may issue a default judgment against Zakaria and Diamante, but not GIA, on the issue of ownership of the Diamond because, even though GIA is in possession of the Diamond, GIA has no ownership interest in the Diamond (GIA's Answer ¶ 59; Ex. 6 p. 1).

23.     This Court may also issue an order directing GIA to return the Diamond to Mrs. Litinsky's complete and immediate possession because even though GIA is currently in possession of the Diamond, GIA has no ownership interest in the Diamond and is "ready and willing to deliver the Diamond to such persons as the Court shall direct" (GIA's Answer ¶ 59; Ex. 6 p. 1). GIA has also agreed to comply with an order of this Court with respect to the Diamond. (Ex. 6, ¶¶ 1, 3).

24. There are no money damages alleged in this action and therefore an inquest is unnecessary.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 13, 2008
      New York, New York

                                              Joshua Ruthizer, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA LITINSKY,

                Plaintiff,

-v-

DIAMANTE THE DIAMOND
MANUFACTUERS, INC., *et al.*,

                Defendants.

No. 07 Civ. 11475 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, District Judge:

       On December 21, 2007, plaintiff in the above-entitled action submitted an application for a temporary restraining order. For the reasons set forth below, as well as those stated on the record at the conference on December 26, 2007, plaintiff's request for a temporary restraining order is GRANTED.

       Having reviewed the complaint and the supporting exhibits, the Court finds that plaintiff has established (1) "sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [her] favor"; and (2) a likelihood of irreparable harm if the requested relief is denied. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007) (internal citation omitted).

      First, plaintiff has raised serious questions as to whether the 5.02 carat oval cut brilliant F-VVS2 diamond that is allegedly the subject of GIA Certificate 12011455 and GIA Certificate 16434784 (the "Diamond"), and which is currently in the possession of defendant Gemological Institute of America ("GIA"), is, in fact, the lawful property of plaintiff.

In addition, plaintiff has established that the balance of hardships tip decidedly in her favor. Absent the restraining order, plaintiff may be denied the opportunity to recover the Diamond if GIA were to transfer the Diamond to an unlawful owner. By contrast, if the restraining order were issued, the respective defendants would merely suffer the "hardship" of a slight delay, if any, in transferring or retaking possession of the Diamond.

Second, plaintiff has established a likelihood of irreparable harm absent the restraining order based on the potential loss of the unique item at issue in this action.

Furthermore, the Court notes that defendants Diamante The Diamond Manufactuers, Inc. ("Diamante") and Rafael Zakaria ("Zakaria") did not appear at the conference before the Court on December 26, 2007. However, counsel for plaintiff has submitted a declaration wherein he attests that the following items, *inter alia*, were served on Zakaria and Diamante, respectively, by mail on December 21, 2007, and by personal service on December 24, 2007: (1) the Court's Order to Show Cause dated December 21, 2007; (2) plaintiff's motion for a temporary restraining order and supporting papers; and (3) the complaint in this action with attached exhibits. (Ruthizer Supp. Decl. ¶¶ 7-9, 28-, 30.) Therefore, the Court issues the following directive, pursuant to Rule 65(b), as a temporary restraining order obtained *with* notice to all defendants.

Accordingly,

IT IS HEREBY ORDERED that defendant Gemological Institute of America ("GIA"), its servants, employees, agents, representatives, and all persons acting in concert with them, are preliminarily restrained and enjoined, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and N.Y.C.P.L.R. § 7109(a), from transferring the Diamond to Zakaria or Diamante, or from removing, transferring, dismantling, selling, pledging, or otherwise disposing of the Diamond

or permitting the Diamond to become subject to a security interest or lien.[1]

IT IS FURTHER ORDERED that counsel for all parties shall appear for a conference on Friday, January 11, 2008, at 12:00 p.m. in the United States District Court, 500 Pearl Street, New York, New York, Courtroom 21C.

IT IS FURTHER ORDERED that counsel for plaintiff shall serve a copy of this Order on defendants and file proof of service with the Court.

SO ORDERED.

DATED:   New York, New York
         December 26, 2007

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

---

[1] At this time, the Court deems the "proper" amount of security in this action to be $0. Fed. R. Civ. P. 65(c). The sole defendant to have appeared in this action — namely, GIA — did not request that plaintiff be directed to post security, and the Court finds no basis in the record to do so. Defendants may, of course, seek to re-open this issue at a later stage of the case.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/08

LAURA LITINSKY,

                      Plaintiff,

-v-

DIAMANTE THE DIAMOND
MANUFACTUERS, INC., *et al.*,

                      Defendants.

No. 07 Civ. 11475 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

At the conference held before the Court on January 11, 2008, the Court adopted the following directives:

Defendants Rafael Zakaria and Diamante the Diamond Manufacturers, Inc. ("Diamante"), shall each submit a letter by January 18, 2008, regarding their intent to oppose plaintiff's application for a preliminary injunction restraining defendant the Gemological Institute of America ("GIA") from transferring the diamond at issue in this action. Defendant Diamante's letter must be submitted by counsel, and not by Zakaria personally.

Plaintiff shall submit a letter by January 18, 2008, regarding her intention to withdraw her claims against defendant GIA.

Defendants time to answer the complaint in this action is hereby extended to January 25, 2008.

The Temporary Restraining Order issued by this Court on December 26, 2007 — that was set to expire on January 11, 2008 — is hereby extended for an additional ten (10) days pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. The Court finds good cause to extend the TRO on the ground that additional time is necessary to permit defendants Zakaria and Diamante to consider whether they intend to oppose plaintiff's application for preliminary injunctive relief, and to afford defendant an opportunity to retain counsel.

SO ORDERED.

DATED:    New York, New York
              January 11, 2008

                                                RICHARD J. SULLIVAN
                                                UNITED STATES DISTRICT JUDGE

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Joshua W. Ruthizer**
Attorney at Law

Direct Dial 212.969.3869
jruthizer@proskauer.com

January 18, 2008

**By Hand**

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 615
New York, NY 10007

Re:   Litinsky v. Diamante The Diamond Manufacturers, Inc., Rafael Zakaria and the Gemological Institute of America, 07-cv-11475 (RJS) (GWG) [ECF]

Dear Judge Sullivan:

I write as counsel to Plaintiff Laura Litinsky in the above titled action and in response to the Order entered on January 11, 2008, in which this Court ordered Mrs. Litinsky to "submit a letter by January 18, 2008, regarding her intention to withdraw her claims against defendant [the Gemological Institute of America]."

Mrs. Litinsky intends to withdraw her claims against the Gemological Institute of America ("GIA") upon execution of an agreement with GIA, Diamante The Diamond Manufacturers, Inc. and Rafael Zakaria, stating that GIA will remain in control of the diamond at issue during the pendency of this action and will comply with an order or judgment of this Court regarding the diamond.

Respectfully submitted,

Joshua W. Ruthizer

cc:   Todd B. Marcus (via email)
      Rafael Zakaria (via facsimile)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURA LITINSKY,

                Plaintiff,

   -v-

DIAMANTE THE DIAMOND
MANUFACTURERS, INC., *et al.*,

                Defendants.

No. 07 Civ. 11475 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    By Order dated January 11, 2008, the Court directed defendants Rafael Zakaria and Diamante the Diamond Manufacturers, Inc. ("Diamante"), to submit a letter, by January 18, 2008, regarding their intention to oppose plaintiff's application for a preliminary injunction restraining defendant the Gemological Institute of America ("GIA") from transferring the diamond at issue in this action. By letter dated January 16, 2008, Zakaria asked this Court to extend the time for him to submit such a letter.

    IT IS HEREBY ORDERED that defendants Zakaria and Diamante shall submit a letter, by Tuesday, January 22, 2008, regarding their intention to oppose plaintiff's application for a preliminary injunction. Defendant Diamante's letter must be submitted by counsel, and not by Zakaria personally. In the event that defendants fail to submit a letter by that date, or indicate that they do not oppose plaintiff's application, the Court will enter a preliminary injunction that restrains GIA from transferring the diamond to *any* of the parties in this action. Thereafter, the Court will proceed to schedule further proceedings in this action.

SO ORDERED.

DATED:    New York, New York
                January 17, 2008

                                                  RICHARD J. SULLIVAN
                                                  UNITED STATES DISTRICT JUDGE

# Martin Malkasian, Esq.

*Attorney at Law*

Green Acres Professional Center
2912 West Main St.
Visalia, CA 93291
T. 559.636.7194
F. 559.627.6732

January 21, 2008

Honorable Richard J. Sullivan
United States Courthouse
500 Pearl St., Room 615
New York, NY 10007

Re: Preliminary Injunction; No. 07 Civ. 11475 (RJS)
    *Laura Litinsky v. Diamante the Diamond Manufacturers, Inc.*

Dear Judge:

Mr. Rafael Zakaria of Diamante Diamond Manufacturers, Inc., has retained me for the purpose of advising him and writing this letter regarding the Preliminary Injunction.

On January 17, 2008 the court ordered Mr. Zakaria and Diamante, Inc. to *submit a letter by counsel* by Tuesday January 22, 2008 regarding their intention to oppose plaintiff's application for a preliminary injunction.

Mr. Zakaria and Diamante, Inc. *do not intend to oppose the preliminary injunction* that restrains the Gemological Institute of America ("GIA") from transferring the diamond to any of the parties in this action.

I have further advised Mr. Zakaria and Diamante that if this matter proceeds and cannot be amicably settled that he and his company will need to seek local counsel.

Respectfully,

Martin Malkasian
cc: Rafael Zakaria and Diamante Diamond Manufacturers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
LAURA LITINSKY,  Case No. 07-CV-011475(RJS)

                Plaintiff,

  -against-

DIAMANTE THE DIAMOND  **STIPULATION OF SETTLEMENT**
MANUFACTURERS, INC., RAFAEL  **AS TO DEFENDANT**
ZAKARIA, and THE GEMOLOGICAL  **GEMOLOGICAL INSTITUTE OF**
INSTITUTE OF AMERICA,  **AMERICA**

                Defendants.
---------------------------------------------------------------x

      WHEREAS, on December 21, 2007, Plaintiff Laura Litinsky ("Litinsky") commenced against Diamante The Diamond Manufacturers, Inc. ("Diamante"), Rafael Zakaria ("Zakaria"), and The Gemological Institute of America, Inc. ("GIA") the above-captioned action (the "Action") to recover possession of 5.02 carat oval cut brilliant F-VVS2 diamond, which is the subject of this action and GIA Grading Reports numbered 12011455 and 16434784 (the "Diamond");

      WHEREAS, GIA has no right, title, or interest in or to the Diamond and is a defendant in the Action by reason of being a stakeholder of the Diamond; and

      WHEREAS, Litinsky has agreed to dismiss GIA from the Action and release GIA from any and all claims relating to the Diamond, provided GIA agrees to maintain possession of the Diamond pending either an agreement between and among Litinsky, Diamante, and Zakaria resolving their claims of ownership of the Diamond, or the receipt by GIA of an order, subpoena, or governmental directive requiring GIA to deliver the Diamond.

      NOW, THEREFOR, in consideration of the foregoing, the mutual promises and covenants contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed, by and among Litinsky, by her attorneys, Proskauer Rose LLP, and GIA, by its attorneys, DLA Piper US LLP, as follows:

1. GIA shall maintain possession of the Diamond until such time as GIA receives (a) a fully executed agreement between and among Litinsky, Diamante, and Zakaria, by which the parties agree to GIA's delivery of the Diamond, as shall be set forth in such agreement, (b) an order of a court of competent jurisdiction (including jurisdiction over GIA) directing GIA to deliver possession of Diamond to Litinsky, Diamante, Zakaria, or such other party as the court may direct, or (c) a duly issued court order, search warrant, governmental directive, or other legal process issued by a court or governmental body having jurisdiction over GIA.

2. <u>Release of GIA</u>. Litinsky as "RELEASOR," on behalf of herself and all of her agents, representatives, parents, subsidiaries, and affiliates, in consideration of the mutual promises and covenants herein and other good and valuable consideration, the receipt of which is hereby acknowledged, hereby releases and discharges GIA, and its respective parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, attorneys, representatives, managers, shareholders, officers, directors, and employees, from all actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, reckonings, covenants, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, in law or equity, which against GIA, or their respective parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, attorneys, representatives, managers, shareholders, officers, directors, and employees, the RELEASOR, or its parents, subsidiaries, affiliates, predecessors, successors, assigns, agents, attorneys, representatives, managers, shareholders, officers, directors, and employees, ever had, now have, or hereafter can, shall, or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this RELEASE, relating to the Diamond; provided, however, that this release shall not apply to Zakaria, Diamante, or any person or entity other than GIA who came into possession of the Diamond after Litinsky lost possession of the Diamond on November 18, 2006, and prior to GIA's receipt of the Diamond in or about November 2007.

3. <u>Dismissal of Action as Against GIA</u>. The Action is dismissed, with prejudice, as against GIA. However, GIA agrees to comply with any order entered by the Court with respect to the Diamond.

4. <u>Dismissal of Counterclaims against Litinsky</u>. All counterclaims filed by GIA against Litinsky are dismissed with prejudice.

5. <u>Condition of Diamond</u>. GIA hereby covenants that the Diamond is in the same physical condition as when GIA received possession of the Diamond in or about November 2007.

6. <u>Miscellaneous</u>. This Stipulation constitutes the entire agreement concerning its subject matter and supersedes any prior or contemporaneous representations or agreements not contained herein concerning the subject matter hereof. This Stipulation shall inure to the benefit of and be binding upon the parties hereto and their respective successors and assigns. Each party executing this Stipulation represents that such party understands all of the terms and provisions hereof, has reviewed with independent advisors or legal counsel such terms and provisions, and has the full authority and legal power to execute this Stipulation. This Stipulation may be executed in separate counterparts which, when taken together, shall constitute one and the same fully executed Stipulation. For the purposes of this Stipulation, a copy of a signature shall suffice as an original. Any party may submit to the Court, without notice to the other parties, this Stipulation to be so-ordered.

Dated: February 11, 2008

PROSKAUER ROSE LLP

By: _____
Joshua W. Ruthizer (JR-5742)
1585 Broadway
New York, NY 10036-8299
Phone: 212-969-3000
Fax: 212-969-2900
E-mail: jruthizer@proskauer.com
*Attorneys for Plaintiff Laura Litinsky*

DLA PIPER US LLP

By: _____
Todd B. Marcus (TM-5404)
1251 Avenue of the Americas
New York, NY 10020
Phone: 212-335-4500
Fax: 212-335-4501
E-mail: todd.marcus@dlapiper.com
*Attorneys for Defendant
Gemological Institute of America, Inc.*

SO ORDERED:

_____
U.S.D.J.
2/11/08

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
LAURA LITINSKY,                                :
                                               :
                Plaintiff,            :          Docket No.: 07-cv-11475 (RJS)
                                               :          (GWG) [ECF]
   against                                     :
                                               :
DIAMANTE THE DIAMOND                           :          **[PROPOSED] DEFAULT**
MANUFACTURERS, INC., RAFAEL                    :          **JUDGMENT**
ZAKARIA, AND THE GEMOLOGICAL                   :
INSTITUTE OF AMERICA,                          :
                                               :
                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      **WHEREAS**, on December 21, 2007, Plaintiff Laura Litinsky commenced this action against Rafael Zakaria ("Zakaria"), Diamante the Diamond Manufacturers Inc. ("Diamante") and the Gemological Institute of America ("GIA") by filing a Verified Complaint for (1) a declaratory judgment that she is the owner the 5.02 carat oval cut brilliant F-VVS2 diamond subject of GIA Certificate 12011455 and GIA Certificate 16434784 (the "Diamond"), or in the alternative that her possessory right to the Diamond are superior to all other parties to this action, and is entitled to complete and immediate possession of the Diamond, and (2) for an order of seizure pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. 7109(b) directing the New York County Sheriff or the United States Marshall to seize the Diamond from Defendants and deliver the Diamond to Mrs. Litinksy or her counsel;

      **WHEREAS**, Zakaria and Diamante have failed to answer the Verified Complaint;

      **WHEREAS**, Mrs. Litinsky and GIA have entered into a Stipulation by which Mrs. Litinsky has dismissed with prejudice all claims against GIA, GIA has dismissed with prejudice all counterclaims against Mrs. Litinsky and GIA has agreed to comply with any order entered by

the Court with respect to the Diamond and to maintain possession of the Diamond until such time as it receives an order of this Court directing GIA to deliver possession of the Diamond to Mrs. Litinsky; and

**WHEREAS,** Mrs. Litinsky has moved this Court to enter a Default Judgment against Defendants Zakaria and Diamante and to issue an order requiring GIA to transfer the Diamond to Mrs. Litinsky's complete and immediate possession.

**IT IS HEREBY ORDERED** that a Default Judgment is entered against Defendants Zakaria and Diamante on all allegations and causes of action made against them in the Verified Complaint;

**IT IS FURTHER ORDERED** that Mrs. Litinsky is the owner of the Diamond and entitled to immediate and complete possession of the Diamond;

**AND IT IS FURTHER ORDERED** that GIA is to transfer possession of the Diamond to Mrs. Litinsky's complete and immediate possession within twenty (20) days of receipt of this Order.

Dated: February ____, 2008
      New York, New York

SO ORDERED:

_____

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York